10283

### GLENN v. WALKER.

(100 S. E. 706.)

1. ADVERSE POSSESSION—EVIDENCE IN EJECTMENT BY PURCHASER FROM PROBATE COURT.—In an action to recover possession of land, where plaintiff introduced probate Court records relative to settlement of the estate of one who was common source of title of the parties, among which was an order for sale of land in dispute and a report of sale to plaintiff's remote grantor, and it appeared that the deed from the probate Judge to such grantor had been lost, the offer in evidence of a record of a mortgage given by such grantor to the probate Judge more than 20 years prior to the action was relevant and competent; for after a lapse of 20 years a grant to such mortgagor would be presumed.

1—S. C. 113

2. ADVERSE POSSESSION—EXECUTORS AND ADMINISTRATORS—PRESUMPTION AFTER 20 YEARS AS TO DEED OF EXECUTORS BY ONE AS ATTORNEY IN FACT.—Where two executors were authorized by the will to sell and convey land, and no particular mode of execution was required, they had the right to constitute one of themselves attorney in fact to execute a deed, and the lapse of 20 years raises the presumption that both consented to the execution of such deed.

3. EXECUTORS AND ADMINISTRATORS—PRINCIPAL AND AGENT—RECITAL OF POWER OF ATTORNEY IN DEED EXECUTED THEREWITH UNNECESSARY.—A deed which appears upon its face to be the joint deed of two executors, executed in the name of both, is valid, though the name of one is signed by his coexecutor as attorney in fact, and though the deed makes no reference to the power under which it was executed, as it is not essential that the deed should recite the power of attorney under which it was executed.

4. EXECUTORS AND ADMINISTRATORS—DEED EXECUTED IN REPRESENTATIVE CAPACITY.—The objection that a deed by two executors, to be valid, should be signed by both "as executors," instead of merely using the word "executor," cannot be sustained where it clearly appears upon the face of the deed that they executed it in their representative capacity as executors.

5. TRIAL—INSTRUCTIONS ON WEIGHT OF EVIDENCE PROPERLY REFUSED.—A request to charge on weight of evidence in violation of Const., art. V, sec. 26, is properly refused.

6. ADVERSE POSSESSION—NECESSITY OF CONTINUOUS POSSESSION.—Adverse possession must be continuous.

7. TRIAL—VERDICT SUFFICIENTLY CERTAIN AS TO LAND IN ISSUE.—Where complaint in action to recover possession of land was indefinite as to description of land, but plat was admitted in evidence conceded to represent the land in dispute, a verdict, "We find for the plaintiff the land in dispute," is sufficiently certain.

8. APPEAL AND ERROR—EVIDENCE OF PLAT SHOWING TITLE IN THE COMMON SOURCE HARMLESS.—In an action to recover possession of land, an exception assigning error to the introduction of a plat showing title in H. cannot be sustained as prejudicial error where plaintiff and defendant both claimed title from H. as the common source.

Before SEASE, J., Spartanburg, Summer term, 1917. Affirmed.

Action by John P. Glenn against L. P. Walker. Judgment for plaintiff, and defendant appeals.

*Messrs. Bomar & Osborne,* for appellant, submit: *It was essential that both executors should have joined in the deed*

*of conveyance, and one could not delegate to the other the power of sale entrusted to him:* Harper 411; 11 R. C. L. 356; Acts of 1876; 50 L. R. A. 604; 50 L. R. A. (N. S.) 622 (note); Bouvier's vol. —, p. 2468, also vol. I, p. 820; 66 S. E. (N. C.) 866; 68 S. E. (Ga.) 473; 66 S. E. (Ga.) 168. *The verdict is too indefinite and uncertain to form the basis of a legally enforceable judgment:* 3 Brevard's Law, p. 113; 93 S. C. 48; 5 Strob. Law, 140; 75 S. C. 230; A. & E. Encyc. Pleading & Practice, vol. VII, —; 25 Texas 594; 1 White & W. Civil Court Appeals 904; (Texas) 12 Tex. Civil Appeals 256; 33 S. W. 891; 69 Ala. 332; 36 Tenn. 566; Munf., p. 162; 25 S. E. (Va.) 3; 17 Serg. (N. R.) 431 (Pa.); 13 West Va. 1; 38 S. W. (Ken.) 689; 36 Southern (Ala.) 15; 32 S. E. (Ga.) 97; 38 S. E. (Ga.) 955; 45 S. W. (Ky.) 948; 5 S. W. (Mo.) 824; 92 Ind. 119; 4 N. W. (Michigan) 445. *As to adverse possession:* 95 S. E. (S. C.) 684; 105 S. C. 329.

*Messrs. Sanders & DePass* and *H. B. Carlisle,* for respondent. *Messrs. DePass* and *Carlise* submit: *Relevancy of testimony is largely in the discretion of trial Judge:* 83 S. C. 58. *The introduction of the record of the mortgage of John R. Little to Benjamin Wofford, probate Judge, was competent to make out prima facie title:* 4th Rich. 350; 21 S. C. 455. *The deed by W. L. Wait, if defective, has been ratified and confirmed by the long acquiescence of the heirs:* 18 Enc. of Law and Procedure, p. 329; 38 Cyc., p. 1025. *Form of conveyance under the power in a will may be disregarded and the effect of the conveyance determined by the power:* 18 Cyc. Law and Procedure, p. 331; 96 S. E. Rep. 188. *Adverse possession means continuous possession:* 1st McMullen 354; 6 Rich. 62; 86 S. C. 293; 1st Enc. of Law 789. *The verdict was sufficiently definite and certain:* 88 S. C. 197; 93 S. C. 45; 3 McC. 84; 3d Brev. 113; 10 Rich. 395-402.

October 20, 1919.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This action was commenced in 1916 to recover possession of the land described in the complaint.

The defendant denied the allegations of the complaint, except so much thereof as alleges that the plaintiff and the defendant claim from a common source of title, to wit, from W. W. Harris, who died prior to the year 1875, and sets up the defenses of adverse possession and the statute of limitations. The jury rendered a verdict in favor of the plaintiff for the land in dispute, and the defendant appealed.

The plaintiff, as one of the links in his chain of title, introduced in evidence the records in the probate Court relative to the settlement of the estate of W. W. Harris, among which was an order for the sale of his real estate, including the land in dispute, dated the 7th of August, 1875; also report of sale showing that J. R. Little was the purchaser at public outcry. It was admitted that Mrs. Sarah Little, widow of J. R. Little, had searched for a deed from the probate Judge to J. R. Little, but that she could not find it, and that she knew nothing about it. Thereupon the plaintiff offered in evidence the record of the mortgage given by J. R. Little to the probate Judge, dated the 6th of September, 1875, reciting an indebtedness to the probate Judge in the sum of $152 for the purchase money of part of the real estate of W. W. Harris, deceased. The defendant objected to the introduction in evidence of said mortgage on the ground of irrelevancy, and on the ground that it was not competent evidence to prove a legal title.

The following principle was announced in *Spears v. Oakes,* 4 Rich. 347:

"A mortgage of the premises in dispute was executed by Spears, the plaintiffs' ancestor, to the South Carolina Society, to secure the purchase money; then that that was paid, and satisfaction entered on the record. * * * It was proved

that Spears died in possession of the lot. These facts, it is not denied, made out *prima facie* title in the plaintiffs; but it is said such proof was not conclusive. Concede it, and how does that help the defendant? The jury is bound to respect a *prima facie* showing, until rebutted, just as much as they would be any other. Indeed, if not rebutted, such a showing establishes the case, and the jury have no right to say, We will not find accordingly. But the plaintiffs' case is not merely *prima facie*. I think it is conclusively shown that the title of the South Carolina Society was in George T. Spears; the mortgage was by him to the South Carolina Society to pay the purchase money. This was an admission in law that he had the title of the South Carolina Society to the premises, otherwise he had nothing to convey, and thereby mortgage."

Furthermore, after the lapse of 20 years the law presumes that there was a title. *Riddlehoover v. Kinard,* 1 Hill Eq. 376; *McLeod v. Rogers,* 2 Rich. 19; *Corbett v. Fogle,* 72 S. C. 312, 51 S. E. 884; *Young v. McNeill,* 78 S. C. 143, 59 S. E. 986; *Powers v. Smith,* 80 S. C. 110, 61 S. E. 222; *Lewis v. Pope,* 86 S. C. 85, 68 S. E. 680.

The exception raising this question is overruled.

The will of Benjamin Wofford, from whom the plaintiff traces his title, was offered in evidence. The sixth item thereof, is as follows: "I hereby fully authorize and empower my executors, hereinafter named, as soon after my death as convenient, to collect all debts due my estate, to sell and convey the real estate at public auction, or private sale, as they may deem best, and make good and sufficient title thereto, and on such terms as they think best, and to divide and distribute the fund, arising under this item of my will, as directed in the fifth item of my will."

W. L. Wait and J. N. Holcombe were appointed executors of said will, and both duly qualified. On the 28th of September, 1894, J. N. Holcombe executed an instrument of

writing, whereby he undertook to delegate to W. L. Wait, the other executor, all the powers conferred upon him by the will. The defendant's attorneys objected to the introduction in evidence of said instrument on the ground: "That under the terms of that will and under the law it was incompetent and impossible for J. N. Holcombe to give to W. L. Wait the power to exercise the duties of both executors under the will; that is, for one executor to give to the other the power of sale that was by the terms of the will vested in such coexecutors."

The case of *Black v. Erwin,* Harp. 411, decides that a power coupled with a trust cannot be delegated to another. But, for reasons hereinafter stated, there was no prejudicial error in admitting the instrument.

The record contains this statement:

"Next we offered book * * * containing record of deed purporting to be from W. L. Wait and J. N. Holcombe, executors, to Mrs. Ella Wofford, of date July 26, 1895. Said recorded deed recites that the indenture 'is between W. L. Wait and J. N. Holcombe, executors of the late will and testament of Dr. Benjamin Wofford, deceased,' and refers to the authority of said executors given under and by the last will and testament of Dr. Benjamin Wofford, deceased, and purports to convey to Mrs. Ella B. Wofford in fee a certain tract of land. * * * The deed is signed. 'W. L. Wait, Executor. (Seal.) J. N. Holcombe, Executor (Seal), by W. L. Wait, Attorney in Fact.' "

The defendant's attorneys objected to said deed "as being a valid link in plaintiff's chain of title, upon the ground that it was not competent for W. L. Wait to act as attorney, and he could not thereby bind the estate and make a valid deed, and it conveys nothing, because it is not signed in the proper way to convey a legal title, in that, to be valid, it should have been signed by both W. L. Wait and J. N. Holcombe 'as executors.' "

This deed is to be construed without reference to the instrument of writing signed by J. N. Holcombe. The fact that the deed was signed, "J. N. Holcombe, Executor, by W. L. Wait, Attorney in Fact," does not indicate that its execution was without the approval of Holcombe; on the contrary, it appears upon its face to be the joint deed of Wait and Holcombe, executors. A deed made under a power of attorney must be executed in the name of the principal. *Webster v. Brown,* 2 S. C. 428; *De Walt v. Kinard,* 19 S. C. 292; *Johnson v. Johnson,* 27 S. C. 309, 3 S. E. 606, 13 Am. St. Rep. 636.

When the name of Holcombe was signed by Wait as attorney in fact, it appeared upon its face to be a valid deed, as it was not essential to its validity that the deed should recite the power under which he acted. The rule is thus stated in 22 Enc. of Law, 1012:

"In the execution of a power it is not essential that the donee expressly refer to the power and profess to execute it. If his intention to execute the power is apparent from the instrument or the circumstances surrounding its execution, the instrument will be upheld as an execution of the power, though no reference is expressly made thereto."

Numerous cases are cited in the note to sustain this principle, among which is *Lee v. Simpson,* 134 U. S. 572, 10 Sup. Ct. 631, 33 L. Ed. 1038, in which the Court reviewed the South Carolina cases, as the appeal was from the Federal Court in South Carolina. Two of the cases therein cited to which we desire to call special attention are: *Bilderback v. Boyce,* 14 S. C. 528; *Moody v. Tedder,* 16 S. C. 557.

The last mentioned case also shows that the deed did not indicate upon its face that its execution by Holcombe was in violation of his trust as executor. The Court, in that case, quoted with approval, the following language from 1 Sugden on Powers 215:

"It is frequently contended in practice that a devisee of a power cannot execute a deed of appointment by attorney.

But the cases by no means authorize this position. They merely establish that the devisee cannot delegate the confidence and discretion imposed in him to another. There the devisee points out the precise appointment which he is desirous should be made; there no confidence, no discretion, is delegated. The appointment is in every respect the exercise of his own judgment, and there cannot be any reason why he should not be permitted to execute the deed of appointment by attorney. The contrary doctrine would lead to a great inconvenience. Where, however, a particular mode of execution is required, it would be difficult to support an execution by attorney."

No particular mode was required in this case. Another reason why the objection to the introduction of the deed in evidence was properly overruled is that more than 20 years had elapsed since the execution of the deed until the commencement of this action, from which the consent of Holcombe will be presumed.

In *Riddlehoover v. Kinard,* 1 Hill Eq. 376, the Court says:

"The lapse of 20 years is sufficient to raise the presumption of a grant from the State of the satisfaction of a bond, * * * or the payment of a legacy, or almost anything else, * * * to quiet the title of property."

In *Corbett v. Fogle,* 72 S. C. 312, 51 S. E. 884, this Court ruled that the lapse of 20 years afforded evidence of acquiescence on the part of those interested in the terms of a deed, and likewise of any fact necessary to give it full force and effect.

The distinction between presumption of law and of fact is pointed out in the case of *Lewis v. Pope,* 86 S. C. 285, 68 S. E. 680. The lapse of 20 years raises a presumption of law, and that principle is applicable to this case.

The objection that, in order to be valid, the deed should have been signed by both Wait and Holcombe "as executors,"instead of merely using the word "executors," cannot be sustained, as it otherwise clearly appears upon the face of the deed that they executed it in their representative capacity as executors.

What we have said disposes of all the exceptions except those numbered 10, 11, 18 and 20.

The exception numbered 10 cannot be sustained for the reason that, if his Honor, the presiding Judge, had charged as requested, it would have been in violation of article V, section 26, of the Constitution. *Weaver v. Railway,* 76 S. C. 49, 56 S. E. 657, 121 Am. St. Rep. 934.

The eleventh exception assigns error on the part of his Honor in charging the jury as follows: "I will call your attention to what is meant by adverse possession. Adverse possession means continuous possession. A mere occasional entry would not be adverse possession. The possession must be continuous."

The rule is well settled that, in order to establish the defense of adverse possession, it is necessary to prove that it was continuous.

The eighteenth exception assigns error in the refusal of the motion for a new trial on the ground that the verdict is too indefinite and uncertain to form the basis of a legally enforceable judgment. The description of the land in the complaint is as follows: "One hundred and fifty acres, more or less, near the city of Spartanburg, bounded on the north by F. H. Knox; on the west by the estate of F. M. Trimmier, Southern Railway, and John B. Cleveland; on the south by John B. Cleveland, Berry Ferguson, and L. P. Walker; and on the east by L. P. Walker and the Waterworks Company—and being a part of the land formerly belonging to the land of W. W. Harris, deceased."

And it is alleged that defendant trespassed on a part thereof next to his own land.

The verdict of the jury was: "We find for the plaintiff the land in dispute."

There was in evidence the plat, which showed the land in dispute to be a small triangle, containing about twenty-seven one-hundredths of an acre. It appears from the record that both sides conceded at the trial that the plat correctly represented the land in dispute. Clearly the jury intended by their verdict to refer to the plat, and by reference thereto the verdict is made certain.

The last exception assigns error in the introduction of a plat for the purpose of showing title in W. W. Harris. It cannot be successfully contended that there was prejudicial error, as the plaintiff and the defendant claim title from W. W. Harris as a common source.

Affirmed.