WALKER v. GLENN

(117 S. E., 723)

TRESPASS—STRIKING OUT DEFENSE AGAINST PUNITIVE DAMAGES HELD ERROR.—In an action for damages and for an injunction on account of a trespass on land *held,* that it was error to strike out paragraphs of the answer setting up facts established in another case which defendant believed sufficiently established his title; evidence of such facts being admissible on the question of punitive damages, same being not recoverable if defendant believed his actions were legal and proceeded only to protect his rights.

Before TOWNSEND, J., Spartanburg, October, 1920. Reversed and remanded.

Action by L. P. Walker against W. S. Glenn. Judgment for plaintiff and defendant appeals.

*Messrs. H. E. DePass* and *Brown & Boyd,* for appellant, cite: *Error to strike out defense that defendant thought*

*title to strip had been settled in former suit at* 113 S. C.,
1; 114 S. C., 377; 12 Rich., 200. *No punitive damages
where act was done to protect legal rights:* 69 S. C., 434.
*Title must be proven:* 15 S. C., 262; 114 S. C., 377. *Oc-
cupancy without claim of title cannot ripen into title:* 86
S. C., 468; 102 S. C., 399; 114 S. C., 380; 93 S. C., 568;·
99 S. C., 342; 11 S. C. L., 62; 105 S. C., 329; 1 R. C. L.,
686; 1 Cyc., 981.

*Messrs. Bomar, Osborne & Brown,* for respondent, cite:
*Possession is prima facie evidence of title:* 86 S. C., 358;
110 S. C., 478; 114 S. C., 380.

May 16, 1923.

The opinion of the Court was delivered by MR. JUSTICE
COTHRAN.

Action for damages and for an injunction, on account
of an alleged trespass by the defendant upon a tract of
land containing 48.2 acres, belonging to the plaintiff.

The case was tried before Circuit Judge Townsend and
a jury at October term, 1920, resulting in a verdict in fa-
vor of the plaintiff for $100 actual damages and $225 puni-
tive damages.

Upon the rendition of the verdict the Circuit Judge
passed an order approving and confirming the verdict and
enjoining the defendant from further trespassing upon the
land in dispute.

From the judgment entered upon the verdict, the de-
fendant appeals. The question arising upon this appeal
can best be understood by a statement of the facts upon
which the controversy depends.

While the trespass is alleged to have been committed upon
the tract containing 48.2 acres the real point of contro-
versy is a triangular strip of land containing about two
acres lying between the admitted possessions of the parties;
the dispute really being as to the location of the true divid-

ing line between their lands. The following rough draft
will clarify the point of contest:

A—Plaintiff's land.
B—J. P. Glenn's land.
C—Defendant's land.
D—Young estate.
E—Wofford's land.
F—Beatty's land.

The line 1 to 3 is in dispute between the plaintiff and J.
P. Glenn in another suit. The line 3 to 4 is the dividing
line between the lands of the plaintiff and defendant as
claimed by the plaintiff. The line 2 to 4 is the dividing line
as claimed by the defendant. The triangular area in-
closed within the lines 2 to 3, 3 to 4, and 4 to 2, back to the
beginning is the land in dispute, the basis of the alleged
trespass by the defendant.

In view of our conclusions as to the first exception it
will not be necessary to consider any other. That exception
is as follows:

"That his Honor erred in striking out the fourth and
fifth paragraphs of the defendant's answer; the error be-
ing that the same constituted a defense to plaintiff's cause
of action."

The plaintiff in the second paragraph of his complaint
alleged:

"That the plaintiff has been continuously and uninterruptedly in the peaceable possession and enjoyment of said land, with the exception of a small triangle thereon on the northwestern corner of said tract, which has heretofore been and still is in litigation between the plaintiff and the defendant's grantee, .Dr. J. P. Glenn, and which triangle is not involved in this suit."

In response thereto the defendant alleged:

"(4) That heretofore this defendant brought suit to recover a small strip of land, being the eastern part of lot No. 5 of the W. W. Harris land, and also the strip of land which this defendant has recently fenced in and about which the plaintiff is now complaining. That after said suit was commenced it was discovered that the title to the strip of land belonging to tract No. 5 of the W. W. Harris estate in one J. P. Glenn, and the title to the strip of land which had recently been fenced in by the defendant and about which the plaintiff is now complaining was and is in this defendant, and that thereupon the summons and complaint in this action by W. S. Glenn against L. P. Walker was amended by substituting the name of Jno. P. Glenn as plaintiff in the place and stead of the name of this defendant, and the action, in so far as it affected the strip of land which this defendant has recently fenced in and about which the plaintiff is complaining, was discontinued."

"(5) That in said suit, which was begun in the name of W. S. Glenn against L. P. Walker, the jury rendered a verdict for the plaintiff for the strip of land in dispute and thereby established the line as was contended for in that suit and is now being contended for by the defendant in this suit."

·The plaintiff alleged that the defendant acted in a high-handed, wilful, and wanton manner in entering upon the disputed strip and inclosing it with a wire fence. It was·

entirely proper for the defendant to offer testimony in support of the foregoing paragraphs of his answer to show that he was simply taking possession of what he claimed was his own and had reasonable ground to think so, as the same line which he contended was the dividing line had been so established in the case of *Glenn v. Walker,* 113 S. C., 1; 100 S. E., 706. Not that that suit was conclusive of the present action, but to explain the nature of his alleged trespass upon the issue of a willful tort.

In *Gwynn v. Telephone Co.,* 69 S. C., 434; 48 S. E., 460; 67 L. R. A., 111; 104 Am. St. Rep., 819, it is held:

"An act based on the belief that it was legal and done for the sole purpose of protecting actor's right, will not subject the actor to vindicative or punitive damages."

The tracts B and C had at one time both belonged to the defendant. He claimed the line 1 to 2 to 4 as the dividing line; he sold tract B to his brother and a lawsuit arose between his brother and Walker concerning the lines 1 to 3 and 1 to 2; the latter being an extension of the lines 4 to 2, which the defendant now claims. That suit terminated in favor of the defendant's brother, establishing the line 1 to 2 as the dividing line between him and Walker, and the verdict was sustained by this court. It was not unnatural for the defendant to assume that that settled the dispute between him and Walker as to the other part of the line. He may have been mistaken in that assumption, but he clearly was entitled to the benefit of that evidence as refuting the charge of a wanton wrong. That it was material is shown by the jury's verdict of $225 punitive damages.

For this reason the judgment is reversed and the case remanded for a new trial.