13747

MACK v. LIFE & CASUALTY INS. CO. OF TENNESSEE

(172 S. E., 305)

*Mr. L. D. Jennings,* for appellant,

*Messrs. McLeod & Shore,* for respondent, ▮▮▮▮▮▮▮▮

January 9, 1934.

The opinion of the Court was delivered by Mr. Justice Stabler.

This is an action for damages for the "fraudulent cancellation" of an insurance policy, "in and by the terms of which the defendant agreed to pay to the plaintiff a maximum weekly allowance for sickness or accident of Five Dollars, and in case of death of the plaintiff, to pay to the beneficiary named in said policy the sum of Sixty Dollars." The complaint alleged, *inter alia,* that plaintiff paid the weekly premiums, as required by the terms of the contract, for about ten years, but that in April, 1929, defendant's agent failed to call at her home to collect them as had been his custom from the time the insurance was issued; that thereupon she sent them to the office of the company and tendered them to it in payment, but that it refused to accept them, although the "policy at the time was in full force and effect, and although the premiums were tendered when due"; and that the company, in refusing to accept the premiums, did so with an intent to lapse the policy in order to cheat and defraud the plaintiff and the beneficiary out of all benefits that they were and might be entitled to thereunder. The defendant admitted having issued the insurance, but alleged that the policy was lapsed for the nonpayment of premiums.

The case was tried in the Court of Common Pleas for Sumter County, Judge W. H. Grimball presiding. Defendant's motions for a nonsuit and for a directed verdict were refused by the trial Judge, who submitted all issues to the jury, charging them that, if they were satisfied by the preponderance of the evidence that the company had defrauded

the plaintiff as alleged by her, it would be their duty to award punitive damages; the amount being left to their sound discretion. A verdict of $160.00 actual and $750.00 punitive damages was returned. The defendant then made a motion for a new trial on grounds not appearing in the record. Judge Grimball took the matter under advisement, and later passed an order in which he stated that he was inclined to the opinion that there was sufficient testimony, if the jury believed it to be true, on which to base a verdict for actual damages, and hence he would allow their verdict for such damages to stand unchanged. As to punitive damages, he took the view that the "verdict was based on caprice, bias and prejudice," and ordered a new trial in the case, unless the plaintiff remitted on the record the whole amount of such damages, $750.00, awarded by the jury. This she refused to do, and in due time appealed to this Court.

It is evident that the order appealed from should be affirmed if the trial Judge was in error in refusing to direct a verdict for the defendant as to punitive damages. And it seems that he reached such a conclusion, as he indicated in his order that he believed the company had acted in good faith.

But we are of opinion, and so hold, that the Court properly refused to direct the verdict. The evidence, as disclosed by an examination of the record, was in conflict as to the alleged "fraudulent cancellation" of the policy by the defendant, and unquestionably made an issue of fact for the jury, who, if they believed what the insured and her witness declared to be true, were undoubtedly justified in giving the plaintiff, as they did, both actual and punitive damages in some amount. There was testimony tending to show that the insured had not been given credit by the company for premiums paid, and that entries of such payments were not properly made—and at times not made at all—in her receipt book; that she was old and ignorant and

trusted the agent of the defendant to do the right thing; and that, when the premiums were tendered at the office of the company, while the policy was still in force and effect, it refused to accept them. It is true that these charges were sharply contradicted by the defendant, but the credibility of the witnesses and the sufficiency of the testimony were matters for the jury. Of course, if it appeared to the presiding Judge, on consideration of defendant's motion for a new trial, that the verdict, in the light of all the facts and circumstances, was excessive, it became his duty, in the exercise of a sound discretion, to grant the motion, unless the plaintiff remitted on the record such amount in excess of what the Court thought to be a proper verdict in the circumstances. It was manifest error of law, however, under the evidence in this case, to grant a new trial unless the plaintiff remitted the entire amount of punitive damages awarded by the jury, as this was tantamount to a holding by the Judge that, as to such damages, he should have directed a verdict for the defendant. Furthermore, it can hardly be said, as contended, that the verdict for $750.00—while perhaps too large—was so excessive as to justify the inference that it was based on caprice, or was influenced by passion or prejudice.

The order appealed from is reversed, and the case remanded to the Circuit Court, with instructions that judgment for the plaintiff be entered upon the verdict of the jury.

Mr. Chief Justice Blease and Messrs. Justices Carter and Bonham concur.