14383

ROGERS v. JEFFERSON STANDARD LIFE INS. CO.

(188 S. E., 432)

54

*Messrs. Willcox, Hardee & Wallace,* for appellant, 

*Messrs. Royall & Wright,* for respondent, 

November 17, 1936.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The respondent was insured under two policies in the appellant company, each in the amount of $5,000.00 with double indemnity in case of death from bodily injury, and a provision for annuity in case of permanent disability. He brought action on each of the policies to recover damages, actual and punitive, for the alleged wrongful breach of the contracts of insurance by the refusal to accept payment of the annual premiums when tendered.

It is gathered from the statement set out in the record that: A jury trial was waived by the parties. That the question of the amount of punitive damages was adjusted by agreement of the parties; the defendant admitted a simple breach of the policy contracts involved, and it was submitted to the Court, Judge Oxner presiding, to determine the amount of actual damages sustained by plaintiff.

The policies of insurance were introduced in evidence, and it was admitted in open Court that at the time of the breach of the contracts plaintiff was an insurable risk, and that at

the time of the trial he had procured a policy for $5,000.00 in the Penn Mutual Life Insurance Company. This was a plain "Ordinary Life" policy, and did not contain the double indemnity and disability provisions of the policies involved herein. It was also admitted that there was outstanding against the policies a loan due by plaintiff in the sum of $1,-050.00 on each of said policies, and a premium note of $84-.91 against each policy; the premium notes bore date April 15, 1933, and fell due October 15, 1933.

With the introduction of these papers and the admission of the stated facts the plaintiff closed his case, and the defendant examined its witness, Mr. D. E. Buckner.

December 4, 1934, Judge Oxner filed his order by which he fixed the amount of damages, including the amount of punitive damages agreed upon by the parties, at the sum of $4,009.84, for which sum he ordered judgment in favor of the plaintiff.

The defendant appeals upon four exceptions, which impute error to the Circuit Judge; for that he holds that the proper measure of damages in this case is the amount of premiums paid, with interest, without any deduction for the protection afforded up to the time of the alleged breach. Error in not holding that since it is admitted that plaintiff did obtain other insurance, the proper measure of damages is the difference between the cost to plaintiff of the protection obtained by the new insurance and the cost of the protection which he lost, less a proper deduction for the difference in value of the policy obtained by him and the policies lost by him; error in taking into consideration in estimating damages plaintiff's inability to obtain policies containing the indemnity and disability provisions which were contained in the policies lost.

Appellant's counsel ably and learnedly discuss their exceptions, and frankly admit that the decisions of the Courts of the several jurisdictions are in inextricable difference in the declaration of a universal rule for

fixing the measure of damages in action for the wrongful breach of insurance contracts. Counsel refer the Court to the annotation affixed to the case of *American Insurance Union v. Woodward,* 48 A. L. R., 107, and which is discussed in the circuit order here appealed from, where the whole subject is reviewed. But after all is said and written, it remains true that the facts of each case are necessarily of potent influence in determining the measure of damages.

Counsel argue strenuously against the application of the rule laid down by this Court in the case of *Pack v. Metropolitan Life Ins. Co.,* 178 S. C., 272, 182 S. E., 747, and they maintain that Judge Oxner was in error in holding that this case is governed by the *Pack case;* for that, "every case like this has to be determined upon the particular facts of the case." In this last statement we concur, as we have just said above, but that statement is in accord with the views stated in the *Pack case,* based upon the general principle that the fundamental rule for the measure of damages is the refunding of the premiums paid. Appellant seeks to find comfort in the case of *Latta v. W. O. W.,* 179 S. C., 376, 184 S. E., 157, but it cannot there be found. The prevailing opinion expressly reaffirms the rule laid down in the *Pack case,* and the dissenting opinion, upon which appellant relies, turns upon a state of facts essentially different from those in this case.

This Court is satisfied with the conclusion reached by the order appealed from. Let it be reported.

The appeal is dismissed, and the judgment of the lower Court is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE A. L. GASTON concur.