14403

LATTA v. SOVEREIGN CAMP, W. O. W.

(189 S. E., 126)

216

*Mr. John D. Nock,* for appellant,

*Mr. R. E. Hanna,* for respondent,

December 22, 1936.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

This case has been here before. It was first tried in July, 1934, and resulted in a verdict for the plaintiff for .$2000-.00 actual and $500.00 punitive damages. For the reasons stated in the Court's opinion (179 S. C., 376, 184 S. E., 157), the judgment was reversed and a new trial granted. The action was commenced on January 30, 1933, by service of a summons on the state insurance commissioner. Two causes of action were alleged in the complaint, the first for the fraudulent cancellation of a policy of insurance for $2,000.00 issued by the defendant on the life of the plaintiff, on July 25, 1929; the second for the wrongful retention of premiums and refusal to pay the cash surrender value of the policy. The answer contained a general denial; and as a separate defense it was alleged that the policy was canceled for nonpayment of premiums, and that under its terms there was no cash surrender value, paid-up insurance, or extended insurance. The cause was tried the second time in July, 1936, and the jury again found for the plaintiff.

this time for $500.00 actual and $1,500.00 punitive damages. From judgment entered, this appeal is taken.

Upon call of the case for trial, counsel for the defendant moved that the plaintiff "be required to elect on which of the two causes of action he is proceeding," the contention being that the two causes were inconsistent, "one being a claim under * * * and the other a claim against the policy." Judge Dennis, who presided at both trials of the case, refused the motion, holding that the action was one for the fraudulent breach of contract; and that while the complaint stated two causes of action, the plaintiff would be entitled to recover, if at all, certain premiums alleged to have been paid by him, and that the second cause was founded on the failure of the defendant to return the premiums so paid. He then ruled: "I will not make you elect in the matter as to the manner in which they are set out, but the case will be tried as if it were one cause of action for fraudulent breach of contract, so you can prove the elements of damage alleged in both causes of action, whether they are in two causes of action or not—the action is for the fraudulent breach of contract."

"Mr. Nock: And the claim is for breach of the contract, and not for the recovery of benefits under it?

"Mr. Hanna: On page 24, you will see the turn the case took before.

"The Court: Yes, that is exactly what happened before. I see now."

By reference to page 24 of the record of the first trial, it is found that the Court there ruled, and counsel for the plaintiff agreed, that the action was one for the fraudulent breach of contract; and the case was tried both times upon that theory.

We do not think there was error as complained of. The plaintiff, as is seen, was required to elect upon what theory he would proceed to trial. He did so, and we are satisfied, from an examination of the entire record, that the rulings

of the trial Judge thereabout were correct. We cannot see how the appellant was hurt in any way.

It is contended, in the second place, that Judge Dennis committed error in refusing to direct a verdict for the appellant as to punitive damages, as there was "no evidence of any act or omission on the part of the defendant sufficient to constitute fraud or to warrant an inference of fraud." This same question was presented by the first appeal, and the Court, in disposing of it, said: "We think there was some evidence tending to support this alleged fact. There was testimony tending to show that the defendant intentionally devised a plan to cancel the policy in question. It was, therefore, proper to submit to the jury the question as to punitive damages."

We have compared with care the evidence contained in the records in the two appeals of the case to this Court; and while there are some slight variations, as might be expected, the testimony taken at the second trial is substantially the same as that taken at the first. It follows, therefore, in view of the conclusion reached by this Court on the first appeal, that the trial Judge properly refused the defendant's motion.

Nor is there merit in appellant's contention that the Court committed error in refusing to grant a new trial on the ground that the verdict was excessive. As to punitive damages, Judge Dennis properly permitted the jury, as we have held, to pass upon that question, and we cannot say that he abused his discretion in refusing to set aside the amount found. As to the measure of actual damages, it appears that this issue was submitted to the jury under the rule as stated by this Court in its opinion on the former appeal of the case. See, also, *Pack v. Metropolitan Life Insurance Company,* 178 S. C., 272, 182 S. E., 747; *Rogers v. Jefferson Standard Life Insurance Company* (S. C.), 188 S. E., 432. It is not made to appear that the jury, in its assessment of such damages, did not follow

the rule laid down by this Court; and we think the trial Judge properly refused to interfere with the verdict.

All exceptions are overruled and the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES CARTER, BONHAM, BAKER and FISHBURNE concur.