14484

SHEARER v. PIONEER LIFE INS. CO. *ET AL.*

(191 S. E., 315)

October, 1936.

*Messrs. Mann & Arnold* and *Watkins & Prince,* for appellants,

*Mr. J. B. Pruitt*, for respondent,

May 12, 1937.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

On December 2, 1930, the first-named defendant herein insured the life of the plaintiff in the sum of $1,000.00. That company, it is claimed, thereafter merged its business with the Pyramid Life and formed a new corporation, the Pioneer-Pyramid, which assumed all liabilities of the outstanding business of the Pioneer Company, including the policy here in question. The contract of insurance provided, as to total disability of the insured, that "upon receipt of due proof while this policy is in full force that such total disability exists and has existed continuously for a period of not less than four months, the company will waive payment of future premiums falling due hereunder during the term of such disability, and will pay to the insured * * * a monthly income of five dollars for each one thousand dollars of face amount of this policy."

This action is for the fraudulent breach of the insurance contract, and was commenced on June 29, 1936. The plaintiff alleged that she became totally and permanently disabled

about June, 1934, while the policy was in force and effect, and has been so ever since; that she duly requested the company, through its agent, to furnish her blanks with which to file formal proof of such disability, but that it failed and refused to do so, which was a fraudulent scheme or plan on its part to bring about a cancellation of the policy, and that, pursuant to such scheme, the defendants did cancel it and thereby fraudulently breached the contract.

The answer denied that the plaintiff became totally and permanently disabled, as alleged by her, or that she furnished due proof of any claimed disability while the policy was in force. It was also expressly denied that the defendants had been guilty of any fraudulent act toward the insured in connection with the handling of the insurance coverage, or that they had fraudulently breached the contract in any particular.

On trial of the case, a motion was made for a directed verdict upon the following grounds: (1) That the evidence showed that the policy sued on lapsed on July 5, 1935, because of nonpayment of the premiums; (2) that due proof of the alleged disability was not given defendants while the insurance was in force as required by its terms and provisions; and (3) that there was no proof of actionable fraud in connection with the alleged cancellation of the policy amounting to a fraudulent breach of the contract. The motion was refused and the jury found for the plaintiff $75.16 actual and $1,000.00 punitive damages.

The appeal relates only to the refusal of the trial Judge to direct a verdict, it being contended by the appellants, defendants below, that the Court committed reversible error thereabout. The exceptions, which renew here the grounds of the motion, will not be considered *seriatim,* but all of them, in our disposition of the questions presented, will be given such notice as they may deserve.

We deem it unnecessary to review the testimony at length. We have read it with care, and will refer to such parts of it

as are pertinent to the issues involved. It does not appear to be seriously contended, if at all, that the insured is not totally and permanently disabled. Dr. Pruitt, the plaintiff's physician, testified, and no effort was made to refute his testimony, that Mrs. Shearer became ill about April or May, 1934; that she has "general lowered vitality and general anemia," with "difficult breathing, palpitation of the heart and fainting attacks at the slightest exertion"; that she has been totally and permanently disabled since June, 1934, and in his opinion she will never be able to work again.

As to the contention, which is one of the main issues in the case, that the insured failed to furnish the company with due proof of her alleged disability while the policy was in full force, and as required by its terms and provisions, S. D. Shearer, the husband of the plaintiff, testified that his wife became totally disabled in June, 1934, and that he saw F. O. Kelley, the agent of the insurer, the following month, and told him that the insured was sick and requested him to obtain the necessary blanks with which to make formal proof of her disability; that Kelley stated he would take up the matter with the company and obtain the blanks; that the witness saw him a number of times thereafter, and, while he always said that he had not yet received the blanks, he kept promising that he would get them for the insured. Shearer further testified that he told the agent in September, 1934, that the wife of the witness, according to advice given him by her doctor, was totally and permanently disabled and at that time again asked him to get the blanks for him; but nothing was ever done about the matter, and that he was finally advised by Kelley that the policy, as the company claimed, had lapsed on July 5, 1935, for nonpayment of the premiums. The witness also stated that the last premium that he paid was the premium due in December, 1934, and that he stated to the agent at the time he would not pay any more, as the policy was in force under its terms as long as the insured was sick. W.

T. Du Pree, vice-president of the Pyramid Life Insurance Company, one of the defendants, testified that, should an insured notify the company's agent of a disability and request blanks with which to make application for benefits under the policy, it would be the duty of the agent to apply to the home office for such blanks; and that if the request was made of Kelley, it was his duty to convey it to the home office.

Under the foregoing testimony, and other evidence in the case, it was for the jury to say whether the defendants waived, through their agent, Kelley, the giving of due proof by the plaintiff of her disability as required by the terms of the insurance contract; and, if the jury found that to be true, as they did find, it followed that the policy was wrongfully canceled by the insurer. The trial Judge, therefore, committed no error in refusing to direct a verdict on the first and second grounds of the motion.

We think, however, that the Court should have granted the motion of the defendants for a directed verdict as to punitive damages. As stated in *Williams v. Metropolitan Life Ins. Co.,* 173 S. C., 448, 176 S. E., 340, 345, "to recover damages of that character, the plaintiff must show that the breach was accomplished with a fraudulent intention, and was accompanied by a fraudulent act." See also, *Holland v. Spartanburg Herald-Journal Co.,* 166 S. C., 454, 165 S. E., 203, 84 A. L. R., 1336; *Welch v. Missouri State Life Insurance Co.,* 176 S. C., 494, 180 S. E., 447.

Our study of the case before us does not disclose any evidence of a fraudulent breach of contract. The act of the defendants, through their agent, in failing to furnish the blanks as promised, is evidence of negligence, or perhaps willfulness, but nothing more. As negativing the idea of fraud, in 1935, when the plaintiff no longer paid the premiums, the company, as was its duty, kept the insurance

alive by charging the unpaid premiums as loans against the policy until its loan values were exhausted; and, according to a letter introduced in evidence, during that time the defendants wrote the insured as to what was being done, and advised her that, while the policy was thus continued in force, payment of premiums could be resumed by her without requirement of evidence of insurability.

On the whole, as we have said, there was evidence to the effect that the defendants wrongfully breached the contract of insurance, which made the question of actual damages one for the jury. But there was no evidence of a fraudulent breach accompanied by a fraudulent act, and the plaintiff, therefore, was not entitled to punitive damages, and the trial Judge should have so held.

As to actual damages, the judgment of the Court below is affirmed; as to punitive damages, it is reversed.

MESSRS. JUSTICES CARTER, BONHAM, BAKER and FISHBURNE concur.