## 15116

KING v. NORTH CAROLINA MUTUAL LIFE INS. CO.

(9 S. E.. (2d), 788)

*Messrs. Herbert & Dial,* for appellant, 

*Mr. John W. Jennings,* for respondent, 

July 3, 1940.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

On July 29, 1918, the North Carolina Mutual and Provident Association issued to the plaintiff herein two policies of insurance; subsequently the present defendant, North Carolina Mutual Life Insurance Company,. acquired the business of the North Carolina Mutual and Provident Association and assumed all of its liabilities. These policies are in

full force and effect at this time and are identical except as to amounts, one providing, in case of sickness, for weekly benefits of $1.00, and the other for weekly benefits of $2.00.

On August 31, 1939, plaintiff brought two actions, one on each of the above-mentioned policies, claiming damages, both actual and punitive, in the sum of $1,000.00 in the respective cases, because of the alleged fraudulent breach of the contracts of insurance. Plaintiff alleges, in each instance, that on July 13, 1939, she became ill and was confined to her home and bed for a period of four weeks and four days; that she filed claim for and was paid benefits for three weeks; that she demanded of the company a blank on which to file claim for the fourth week's benefits but that the company's agent "willfully, fraudulently and high-handedly refused to furnish" same, thus depriving her of the right to file her claim; that defendant "conceived and put into force and effect" such fraudulent scheme and plan by which it fraudulently breached its contract with her and thereby cheated and defrauded her out of the sums due her under the policy. Defendant, answering, alleges that it furnished plaintiff all blanks to which she was entitled; but that, as she was not actually confined to her bed during the term for which she was demanding payment, she could not recover sick benefits under the provisions of the policy. It denies that it deprived her of her rights in the matter or defrauded her in any way or that it owes her anything whatsoever.

By consent of counsel, the two actions were consolidated and tried as one. At the proper time defendant moved for a directed verdict as to punitive damages but a ruling thereon was reserved until after the jury should make its findings. Plaintiff was awarded $3.00 actual and $125.00 punitive damages. Judge Holman, in overruling defendant's motion for a new trial, held that, as there was some evidence from which a reasonable inference of fraud could be drawn or inferred, the question as to punitive damages had been properly submitted to the jury.

Only one question is raised for our consideration: "Was there any evidence in this case to support a verdict for punitive damages?" Under the controlling decision of *Shearer v. Pioneer Life Insurance Co.,* 183 S. C., 490, 191 S. E., 315, 316, this issue must be answered in the negative. In that case the insurance company failed and refused to furnish plaintiff a blank on which to file proof of disability, which, as contended by her, "was a fraudulent scheme or plan on its part to bring about a cancellation of the policy, and that, pursuant to such scheme, the defendants did cancel it and thereby fraudulently breached the contract." The Court said:

"We think, however, that the Court should have granted the motion of the defendants for a directed verdict as to punitive damages. As stated in *Williams v. Metropolitan Life Ins. Co.,* 173 S. C., 448, 176 S. E., 340, 345, 'to recover damages of that character, the plaintiff must show that the breach was accomplished with a fraudulent intention, and was accompanied by a fraudulent act.' See, also, *Holland v. Spartanburg Herald-Journal Co.,* 166 S. C., 454, 165 S. E., 203, 84 A. L. R., 1336; *Welch v. Missouri State Life Insurance Co.,* 176 S. C., 494, 180 S. E., 447.

"Our study of the case before us does not disclose any evidence of a fraudulent breach of contract. The act of the defendants, through their agent, in failing to furnish the blanks as promised, is evidence of negligence, or perhaps willfulness, but nothing more. * * *

"On the whole, as we have said, there was evidence to the effect that the defendants wrongfully breached the contract of insurance, which made the question of actual damages one for the jury. But there was no evidence of a fraudulent breach accompanied by a fraudulent act, and the plaintiff, therefore, was not entitled to punitive damages, and the trial Judge should have so held."

Defendant's refusal to furnish plaintiff a blank on which to file claim for her alleged fourth week's illness, in the light of her positive testimony that she was sick in bed during that

time, was some evidence that it had "wrongfully breached the contract of insurance, which made the question of actual damages one for the jury." But, as held in the *Shearer case,* this was not "evidence of a fraudulent breach accompanied by a fraudulent act."

The judgment of the County Court is affirmed as to actual damages; as to punitive damages it is reversed.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES BAKER, FISHBURNE and STUKES concur.