17045

JESSIE PALMER HARRIS, Appellant, v. UNITED INSURANCE COMPANY, Respondent

(88 S. E. (2d) 672)

*W. Harper Welborn, Esq.,* of Anderson, *for Appellant,*

*Messrs. Watkins, Vandiver & Freeman,* of Anderson, *for Respondent,*

July 28, 1955.

TAYLOR, Justice.

This appeal arises out of an action brought in the Court of Common Pleas for Anderson County for the wrongful cancellation of a life insurance policy with health and accident features. At the close of Plaintiff's case, Respondent moved for a nonsuit but prior to the Court's ruling thereon, the following stipulation was entered into between counsel:

"It Is Agreed, by attorneys for the plaintiff and the defendant that in the event the case should be submitted to a jury that any verdict they should render, under the law, as held by Judge Bellinger, cannot equal the amount of the lapsed policy, to wit, Sixty-four and No/100 ($64.00) Dollars, and with that understanding it is further agreed that the Presiding Judge shall direct a verdict for the plaintiff for Sixty and No/100 ($60.00) Dollars.

"It Is Stipulated and Agreed, That this agreement in nowise precludes the plaintiff or the defendant's right to appeal under the facts and law in this case."

Thereafter, the trial Judge refused the motion as to actual damages and directed a verdict in favor of plaintiff (Appellant) for $60.00 but granted the motion as to punitive damages on the ground that there was no showing that the breach of the contract by Respondent was accompanied by a fraudulent act; and this appeal presents the question of whether or not the Court erred in doing so.

The amount of the lapsed policy was $64.00 and provided for the payment of twenty cents premium per week, collectible at Appellant's home. Clause 6 of said policy provided: "If the Company for any reason decides to discontinue the collection of premiums under this policy through its collector, previous notice will be given the insured in writing that future premiums must be paid at the Company's office."

Pertinent portions of plaintiff's (Appellant's) testimony, relative to discontinuing the collecting of the premiums at Appellant's home, are:

"A. And he told me he was coming in the morning, and I told him I worked and along about Christmas time I would be late coming home because I worked for Professor Hanks and I dressed turkeys, and he said that he would not be coming back no more.

\* \* \*

"A. He said he wouldn't be coming back any more because he said he was coming in the morning.

\* \* \*

"Q. Well, don't you know the agent came out there in the afternoon rather than the morning anyway?

"A. Well, he told me he couldn't come after that.

"Q. Didn't the agent that collected on that policy come and get the collection in the afternoon rather than in the morning?

"A. Yes, sir, but he told me he wouldn't be back no more in the afternoon.

"Q. He came in the afternoon?

"A. Yes, sir."

It is well established that when an insurance company refuses to collect premiums under this type of contract and it clearly appears that it is the intention of the company to cancel existing policies upon which rights have accrued, a verdict for punitive damages will not be disturbed. *Schultz v. Benefit Ass'n of Railway Employees of Chicago, Ill.,* 175 S. C. 182, 178 S. E. 867; *Wilkes v. Carolina Life Ins. Co.,* 166 S. C. 475, 165 S. E. 188; *Mc-*

*Loud v. Metropolitan Life Ins. Co.,* 167 S. C. 309, 166 S. E. 343; *Sutton v. Continental Casualty Co.,* 168 S. C. 372, 167 S. E. 647; *Mack v. Life & Casualty Ins. Co.,* 171 S. C. 350, 172 S. E. 305.

The testimony in the instant case is susceptible of no other conclusion but that it was not convenient for Appellant to be home and pay the premiums in the morning and that it was not convenient for Respondent to collect in the afternoon; that two of Respondent's agents called on Appellant on the date of the last premium payment and informed her of Respondent's position; therefore, she was in nowise misled thereabout. There was no showing of illiteracy or overreaching; no claim was filed for benefits under the policy, and there was no evidence from which it might reasonably be concluded that the company refused to collect the premiums with the intention of canceling out the policies. Therefore, there was no error in the ruling of the trial Judge as to punitive damages. *Riley v. Life & Casualty Ins. Co. of Tennessee,* 184 S. C. 383, 192 S. E. 394, and *Simmons v. Service Life & Health Ins. Co.,* 223 S. C. 407, 76 S. E. (2d) 288.

In *Pack v. Metropolitan Life Ins. Co.,* 178 S. C. 272, 182 S. E. 747, 749, an action upon an insurance contract, this Court stated the measure of actual damages to be "the sum of the premiums, which have been paid by the insured, and loss by the lapse of the policy, and, the damage which the plaintiff has sustained by such lapse, to be ascertained, as for example, by ascertaining her life expectancy and the amount she would be required to pay for insurance of like character during such period, but such sum cannot equal the amount of the lapsed policy; and, of course, any special damages which plaintiff has suffered." See also *Latta v. Sovereign Camp, W. O. W.,* 179 S. C. 376, 184 S. E. 157; *Rogers v. Jefferson Standard Life Ins. Co.,* 182 S. C. 51, 188 S. E. 432; *Pinckney v. American Workmen,* 196 S. C. 446, 14 S. E. (2d) 273.

In the instant case it was not convenient to Appellant
to have the company's collector call in the forenoon
and not suitable to the company to have him call in
the afternoon. Appellant was informed of the company's
position on the date of the last premium payment but not in
writing as required under Clause 6 of the policy; therefore,
the Court was correct in overruling Respondent's motion
for a directed verdict as to actual damages. Counsel agrees
that $60.00 is the correct amount if there is no error in the
ruling of the trial Court in that the amount of damages can-
not equal the amount of the policy.

Under the decisions of this Court heretofore cited, we are
of the Opinion that there was no error in the ruling of the
trial Court, that the judgment appealed from should be
affirmed; and It Is So Ordered. Affirmed.

BAKER, C. J., and STUKES, OXNER and LEGGE, JJ.,
concur.

STUKES, Justice (concurring).

I concur in the foregoing affirming opinion because I
agree that the evidence is not susceptible of reasonable in-
ference of fraudulent cancellation of the policy, accompanied
by a fraudulent act. The trial court therefore properly ex-
cluded the issue of punitive damages from the consideration
of the jury. Furthermore, our former decisions limit the
recovery of actual damages for wrongful cancellation of a
life insurance policy to an amount less than the face (death
benefit) of the policy. The instant policy provided relatively
substantial benefits for accident and sickness; but there was
no evidence that plaintiff, who was forty-three years of age
at the time of the cancellation, could not have obtained an-
other similar policy; nor was there evidence of the compara-
tive premium cost of such, if obtainable. In this state of the
record, there was no evidence upon which the jury could
have based a verdict of actual damages for cancellation of
the policy in its accident and sickness features.