229 S.C. 54 (1956)
91 S.E.2d 709
ELIZABETH BLACKMON, Appellant,
v.
THE INDEPENDENT LIFE AND ACCIDENT INSURANCE COMPANY and R.A. GEDDINGS, Respondents.
17125
Supreme Court of South Carolina.
February 28, 1956.
*55 Messrs. James P. Mozingo, III, and Benny R. Greer, of Darlington, for Appellant.
Messrs. Paulling & James, of Darlington, for Respondents.
*56 February 28, 1956.
T.B. GRENEKER, Acting Associate Justice.
This is an action by the appellant, plaintiff below, wherein the plaintiff seeks judgment for both actual and punitive damages upon plaintiff's contention, denied by defendants, that the defendants did, with fraudulent intent accompanied by a fraudulent act, breach the terms of an insurance policy of which the appellant was the beneficiary.
The complaint, which is set out in full in the transcript, alleges that on or about the 27th of April, 1953, the defendant company issued its policy insuring the life of Leland Stewart, a brother of the appellant, in the amount of two thousand dollars against accidental death, and that Stewart came to his death accidentally on or about the 5th of October, 1953, and that by reason of his death the plaintiff, who was the beneficiary under the said policy, was entitled to be paid two thousand dollars, that the defendant company refused to pay the amount claimed, and this action was brought seeking the recovery of two thousand dollars actual damages and twenty-five thousand dollars punitive damages.
The respondents, in their answer, admitted having issued to the deceased a policy but alleged that the said policy had lapsed for non-payment of premiums and denied the other allegations of the complaint, expressly reserving the right to have heard their motion to strike from the complaint certain portions thereof, for the construction of the complaint as to the nature of the cause of action, or, failing therein, then to require the plaintiff to elect whether she would proceed ex contractu or ex delicto.
The grounds of the motion to strike were "that such allegations are evidentiary, immaterial, irrelevant, incompetent *57 and redundant; are not an averment of any material or ultimate fact constituting a ground for relief; form no part of the alleged cause of action stated in the complaint and set forth no facts or circumstances entitling the plaintiff to punitive damages."
The motion to strike is directed to Paragraphs 4 and 5 of the complaint and the prayer thereof. They are as follows, the italicized portions being the parts stricken by the trial judge, he having refused to strike Paragraph 4 in its entirety as requested:
"Paragraph 4. That the defendant Insurance Company has fraudulently and with intent to defraud and deceive the plaintiff in this case refused to make payments due the plaintiff as provided for in the policy; that a few days after the death of the insured as alleged above an agent of the defendant Insurance Company, acting at all times herein mentioned within the course and scope of her (his) employment with said Insurance Company and for their benefit, falsely represented to a member of the plaintiff's family that the above policy was no good and was not in force and that no payments were due the plaintiff thereunder; that approximately two weeks following the death of the insured the plaintiff went to the district office of the defendant Insurance Company where the defendant, R.A. Geddings, acting at all times herein mentioned within the course and scope of his employment with the defendant Insurance Company and with actual and apparent authority to represent said Insurance Company did with intent to defraud the plaintiff, falsely represent to the plaintiff that she was not entitled to any benefits under the policy; that the terms of the policy are so clear that any person in the field of insurance and especially any person operating under the terms of its own policies which were drawn for and by said Insurance Company would know that the benefits were due and payable but that the defendant R.A. Geddings, acting on behalf of said Insurance Company, and with the intent to deceive and defraud the plaintiff, falsely represented to her that the policy *58 had lapsed, and the plaintiff further alleges that the defendants with intent to defraud the plaintiff did lapse the aforementioned policy; that in spite of the defendants' false representation, the plaintiff requested that he furnish her certain proof of loss forms with which to file a claim for the benefits due her under the policy; that the defendant R.A. Geddings, acting for and in behalf of the defendant Insurance Company, falsely represented to the plaintiff that it would do no good for her to execute and submit said proof of loss forms, and with fraudulent intent to deceive and cheat the plaintiff out of the money due her, prevailed upon the plaintiff not to execute and submit said forms, well knowing that plaintiff could not collect the benefits due her under said policy without filling in said forms as required by the policy; and that the defendants further prevailed upon plaintiff to withhold filing the forms, well knowing that the policy demanded that the proof of loss be filed within ninety (90) days after the death of the insured and the defendants in their intent to defraud and cheat and deceive the plaintiff attempted to prevail upon the plaintiff to delay the filing of said forms until such times as they knew they would have a defense of failure to abide by the contract on the part of the plaintiff."
"Paragraph 5. That all of the aforesaid acts were done by the defendants in an attempt to defraud and cheat the plaintiff out of the benefits of the policy and that the aforesaid acts were done by the Insurance Company and by the agents and servants of said company acting within the course and scope of their employment; that the defendant Insurance Company has failed to make payments due under the policy and has with intent to defraud the plaintiff breached its policy and committed the aforementioned acts in connection with said breach, causing the plaintiff to be damaged in the amount of Two Thousand ($2,000.00) Dollars."
"Wherefore plaintiff demands judgment against the defendants in the amount of Two Thousand ($2,000.00) Dollars *59 actual damages and Twenty-five Thousand ($25,000.00) Dollars punitive damages, and for the costs and disbursements of this action."
The trial judge also held that the complaint stated a cause of action ex contractu.
The appellant, now seeking a reversal of the decree of the lower court, takes six exceptions thereto, all of which have been considered. However, we think the appeal may be properly determined by a consideration of two questions:
1. Did the trial judge err in holding that the complaint stated a cause of action ex contractu rather than ex delicto?
2. Did the trial judge err in granting defendants' motion to strike?
We think that the trial judge was correct in construing the action to be one ex contractu. A casual reading of the paragraphs set out above shows that the appellant, who is the sister and beneficiary of Leland Stewart, alleged that at the time of the insured's death the policy was in full force and effect, that the company refused to pay her the amount due thereunder but represented to a member of her family that the policy was no good, that she was entitled to no benefits, that the policy had lapsed, that it would do no good to file proof of loss, and that the agents of the defendant Insurance Company attempted to prevail upon her to withhold filing the forms and that all of these acts were done fraudulently and with intent to defraud.
What is the real nature of the plaintiff's grievance? In most cases of this nature which have been before us, the Court has had the benefit of testimony taken in the trial of the case. However, such is not true here, and, therefore, to determine the nature of the action, the question must be answered entirely from the pleadings.
"Where a complaint states a cause of action in contract, and it appears that this is the gravamen of the action, it has been held that the nature of the action as ex contractu *60 is not affected or changed by the fact that there are also allegations in regard to tortious conduct on the part of the defendant, such as allegations in regard to negligence, or fraud, or conversion, which in such cases may be disregarded as surplusage." Shaw v. Great A. & P. Tea Co., 189 S.C. 437, 1 S.E. (2d) 499, 500.
Although there is a broad distinction between causes of action arising ex contractu and those arising ex delicto, the dividing line between breaches of contract and torts often lies in a twilight zone, where it is difficult to determine whether the case applies strictly to the one or to the other. There is no certain test by which the court can be guided in determining whether a particular action is ex delicto or ex contractu. Randolph & Co. v. Walker, 78 S.C. 157, 59 S.E. 856. The question must be determined solely from the pleadings with an eye as to what is the real nature of the grievance.
Examining the allegations of the complaint in a light most favorable to the contentions of the appellant, we cannot conclude otherwise than that this action is one ex contractu and that this view is fully sustained by the authorities above cited.
Having reached this conclusion with reference to the nature of the action, we turn to a consideration of the motion to strike.
In Shearer v. Pioneer Life Insurance Co., 183 S.C. 490, 191 S.E. 315, 317, plaintiff brought action seeking actual and punitive damages for the alleged fraudulent breach of an insurance contract and in part alleged that while the policy was in full force and effect she became totally disabled; that she duly requested the company through its agent to furnish her blanks with which to file formal proof of such disability but that it failed and refused to do so, which was a fraudulent scheme or plan on its part to bring about a cancellation of the policy and that, pursuant *61 to such scheme, the defendants did cancel it and thereby fraudulently breached the contract.
A comparison of the above allegations with those of the case before us reveals a striking similarity. In the Shearer case, supra, the question of actual and punitive damages was allowed to go to the jury and a verdict for both was returned. Upon appeal, the Court reversed the lower court as to punitive damages and stated, quoting from Williams v. Metropolitan Life Ins. Co., 173 S.C. 448, 176 S.E. 340, "`to recover damages of that character, the plaintiff must show that the breach was accomplished with a fraudulent intention, and was accompanied by a fraudulent act.'"
Certainly, the allegations in the case before us are no stronger than those in the Shearer case.
In Lawson v. Metropolitan Life Ins. Co., 169 S.C. 540, 169 S.E. 430, we also find the pleadings to be very similar to the case before us. There a motion was made to strike certain portions of the complaint on the same grounds as in the instant case. That motion was refused by the trial court, but upon appeal the action was held to have been ex contractu and the lower court was reversed on account of its failure to strike from the complaint the allegations sounding in tort.
The allegations of the complaint in the case at bar reveal nothing more than the simple fact that after the death of the insured appellant was informed that the policy had lapsed and it would avail her nothing if she should file proof of death. It is not alleged that the respondents have obtained anything upon false representation or promise. The appellant contends that the policy was in full force and effect at the time of the insured's death, and there is nothing in the ruling of the trial court which would prevent the appellant from seeking to recover any actual damages which she may have by reason of the alleged breach of the contract or alleged failure to pay.
The appellant seeks to bring herself within the rulings of Pack v. Metropolitan, 178 S.C. 272, 182 S.E. 747; Weaver *62 v. Metropolitan Life Ins. Co., 197 S.C. 363, 15 S.E. (2d) 673; Sullivan v. Calhoun, 117 S.C. 137, 180 S.E. 189; and West v. Service Life & Health Ins. Co., 220 S.C. 198, 66 S.E. (2d) 816. However, we think that an examination of these cases reveals an entirely different factual situation and she can find no comfort therein.
It is our opinion that the trial judge was correct in granting the motion to strike and that the above authorities, as well as King v. North Carolina Mutual Life Ins. Co., 194 S.C. 367, 9 S.E. (2d) 788; Lamb v. Metropolitan Mut. Fire Ins. Co., 183 S.C. 345, 191 S.E. 56 and Owens v. Metropolitan Life Ins. Co., 178 S.C. 105, 182 S.E. 322, fully warrant his holding.
The plaintiff shall have twenty days from the filing of the remittitur in this case to serve such amended complaint, not inconsistent with the holding herein, as she may be advised, and the respondents shall have twenty days from the service thereof in which to answer.
Judgment affirmed.
STUKES, C.J., and TAYLOR, OXNER and LEGGE, JJ., concur.