13641

LAWSON v. METROPOLITAN LIFE INSURANCE CO.

(169 S. E., 430)

October, 1930.

546

*Messrs. Elliott, McLain, Wardlaw & Elliott* and *Sawyer & Sawyer,* for appellant,

*Messrs. J. G. Hughes* and *Donald Russell,* for respondent,

May 26, 1933.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

In this case the plaintiff seeks damages growing out of a policy of accident insurance issued to him by the defendant company. The defendant made a motion before Judge T. S. Sease to strike out certain portions of the complaint—about two-thirds by volume—on the ground of irrelevancy. The motion was denied, and the case went to trial, a verdict for $23.80 actual and $1,500.00 punitive damages resulting. Defendant appealed.

At the outset we are confronted with the crucial question as to the nature of the action. Does the complaint state a cause of action for breach of a contract of insurance entered into by plaintiff and defendant; or does it—such contract being repudiated—state a cause of action in tort for fraudulent representations inducing plaintiff to enter into the contract? The motion to strike was based upon the former theory, while Judge Sease evidently held to the latter. For an understanding of this·issue, the complaint will be reported.

A casual reading shows that the complaint contains some allegations appropriate to an action *ex delicto* and others appropriate to one *ex contractu,* Paragraphs I and II being appropriate to either.

Paragraph III very clearly sets forth the issuance and delivery by the defendant to the plaintiff upon his application of a contract or policy of accident insurance providing for a weekly indemnity of $25.00. Paragraph V alleges that, after the plaintiff had paid the premium on the policy, thereby putting it in full force, had accepted it, and had complied with all other conditions of the contract, and, during the period of time covered by the policy, he became wholly disabled through an accident and was thereby continuously prevented from carrying on his work for a period of eight weeks. Paragraph VIII avers, *inter alia,* that the defendant fraudulently refused to pay the plaintiff his weekly benefits under the policy at the rate of $25.00 per week for the eight weeks during which he was disabled, "represent-

ing a total of $200.00 due this plaintiff by the defendant under the said policy." These allegations indicate very forcibly an *ex contractu* action; but if, in view of those allegations appropriate to an *ex delicto* action, the question may be held an open one up to this point in the complaint, it seems to be settled beyond peradventure by the succeeding and final paragraph (IX), which sets forth the amount of damages claimed and the acts of the defendant relied upon by the plaintiff to establish his claim. This paragraph specifically refers such damages to defendant's "breach of its contract of insurance," alleges that plaintiff had undergone great suffering "by reason of his actual need for the sums rightfully due him under said policy," and sets out that he had been deprived of "money long since due him" and of "his rights as a policyholder." In view of these allegations, we cannot construe the complaint otherwise than as stating a cause of action *ex contractu*. And even if it could be said that it is doubtful whether such action is on contract or in tort, the doubt must be resolved in favor of the former. *Spratt B. & L. Association v. Roper*, 160 S. C., 240, 158 S. E., 495, and cases cited. We may add that plaintiff's counsel in their printed argument before this Court, despite the fact that Judge Greene submitted the case to the jury as one *ex delicto*, maintain that the action is one for fraudulent breach of contract.

Having reached this conclusion with reference to the nature of the action, we turn to a consideration of the motion to strike. Paragraphs IV, VI and VII may be grouped together. They would be appropriate to an action in tort for fraudulent representation, but are not relevant to one for breach of the contract; and the motion to strike should have been granted as to them. In addition, it may be said with reference to Paragraph VI, that there is no allegation therein that defendant's agent succeeded in his effort to induce plaintiff to accept a check in payment for his disability at the rate of $9.00 per week. We may also group

together certain other language which defendant sought to strike: From Paragraph V, the words "all in reliance upon the aforesaid fraudulent representations of the defendant," and, from Paragraph IX, the words "accompanied by the aforesaid acts with intent to defraud, and as direct result of the said high-handed, illegal, fraudulent and grasping conduct of the defendant," and "cheated, deceived, imposed on." These expressions are clearly handmaidens of the allegations sounding in tort which we have already held to be irrelevant, and should have been stricken out.

Defendant's motion also covered the whole of Paragraph VIII. While this paragraph contains some allegations appropriate to an action *ex delicto,* it also includes allegations appropriate and necessary to the statement of a cause of action for breach of the contract, namely, the allegations to the effect that the defendant refused to pay the plaintiff the weekly benefits to which he was entitled under the policy, the complaint containing no other allegations of refusal to pay. The allegations sounding in tort have, under our construction, no place in the complaint, and, if the motion had been directed against them alone, it would have been error not to grant it. But as defendant sought to strike out, along with these allegations, also those allegations which constitute a part of the cause of action *ex contractu,* the trial Judge correctly refused the motion. *Givens v. Electric Co.,* 91 S. C., 417, 74 S. E., 1067; *Dougan v. Van Riper,* 109 Ore., 254, 198 P., 897; *Valley Lumber Co. v. McGilvery,* 16 Idaho, 338, 101 P., 94; *Bunker Hill Co. v. Polak* (C. C. A.), 7 F. (2d), 583.

The errors we have found in the refusal to strike necessarily vitiate all subsequent proceedings. The judgment of the Circuit Court is therefore reversed, and the case remanded to that Court for a new trial in accordance with the views herein expressed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM concur.