## ROSENTHAL & DOUCETTE, Inc., v. UNITED LAST CO.

### No. 501.

District Court, D. Massachusetts.

May 6, 1940.

Kobrin & Wolf and Aaron Kobrin, all of Boston, Mass., for plaintiff.

Choate, Hall & Stewart and John M. Hall, all of Boston, Mass., for defendant.

McLELLAN, District Judge.

This action between citizens of different States was commenced in the State Court, and removed to this Court by the defendant. In Massachusetts, there are three kinds of personal actions, contract, tort and replevin. In accordance with permissible State practice, this action is stated to be in contract or tort and at the beginning of the declaration appears the following:

"The plaintiff being uncertain as to whether its cause of action against the defendant is in contract or in tort sets forth herein its cause of action against the defendant in four counts: Counts One, Two and Three in contract and Count Four in tort, all of said counts being for one and the same cause of action."

The first count is founded upon a breach of an express warranty. The second and third counts are based upon breaches of implied warranties. All three, as heretofore indicated, are in contract. The fourth count, stated to be in tort, reads:

"And the plaintiff says that it is engaged in the business of manufacturing women's novelty shoes; that the sale of its shoes is dependent upon the fit, style, quality and appearance of the shoes it manufactures; that the defendant is engaged in the business of manufacturing lasts which are used in the manufacture of shoes; that the defendant has been engaged in said business of manufacturing and selling lasts for a great number of years and hold itself out as a competent manufacturer of lasts of long experience; that in 1936 and on divers other days the plaintiff ordered and purchased from the defendant, its agents or servants, certain lasts to be used by the plaintiff in manu-

facturing its shoes; that when the plaintiff manufactured and sold shoes, using said lasts in the process, it was found that after said shoes reached the customers of the plaintiff said shoes did not fit; and said shoes did not fit by reason of the negligence and carelessness of the defendant, its agents or servants, in manufacturing said lasts improperly and defectively; that said improper and defective manufacture of said lasts first became known to the plaintiff when its customers complained that its shoes made on said lasts would not fit; that due and sufficient notice of the defective condition of said lasts was given to the defendant, its agents or servants; that as a consequence of the negligence of the defendant, its agents or servants aforesaid, the plaintiff's shoes were damaged, and a large number of shoes which the plaintiff sold to its customers which were manufactured by using said defective lasts in the process were returned to the plaintiff, and the plaintiff, to the knowledge of the defendant, was obliged to resell said shoes at great loss; that the plaintiff lost a large part of its patronage, and the plaintiff's reputation for the making of good shoes and shoes that fit was substantially impaired. All to the plaintiff's damage".

The question presented by this motion to dismiss the action as to the fourth count is not whether for breach of warranty the plaintiff could have sued in tort. I agree entirely with the plaintiff that for breach of warranty the remedies in tort and contract overlap. The reason for this is historical and possibly is based upon different considerations than apply to an overlapping existing in numerous other cases. That a ground of liability in tort may coexist with a liability in contract towards the same person where independently of the contract there is a duty which has been violated is clear enough. See Pollock, Law of Torts, New American—from third English Edition by Webb, Page 534 et seq. The right of election between a remedy in contract and a remedy in tort in actions against carriers, innkeepers, professional men, sellers of food unfit for consumption and some others is undoubted. But where, as in this case, there is no duty except such as the contract creates, I think the plaintiff's only remedy is for breach of the contract. No contrary view has been called to my attention and I remember seeing none except the dictum of Tindal, C. J., in Boorman v. Brown, 3 Q.

B. (Adol. & El.) 511, reading: "The principle in all these cases would seem to be that the contract creates a duty, and the neglect to perform that duty, or the nonfeasance, is a ground of action upon a tort." This no longer represents the English law. See Jarvis v. Moy, Davies, Smith, Vandervell & Co., (1936) 1 K. B. 399, where the Court says:

"The distinction in the modern view, for this purpose, between contract and tort may be put thus: when the breach of duty alleged arises out of a liability independently of the personal obligation undertaken by contract, it is a tort, and it may be even though there may happen to be a contract between the parties, if the duty in fact arises independently of that contract. Breach of contract occurs when that which is complained of is a breach of duty arising out of the obligations undertaken by the contract."

See also Tuttle v. Gilbert Manufacturing Co., 145 Mass. 169, 13 N.E. 465.

The defendant's motion to dismiss the action as to count four thereof is granted.