16679

DIXON v. TEXAS CO.

(72 S. E. (2d) 897)

*Mr. Thos. B. Butler,* of Spartanburg, *for Appellant,*

*Messrs. James W. Workman* and *L. H. Jennings, Jr.,* of Union, for Respondent,

November 3, 1952.

OXNER, Justice.

The controlling question on this appeal is whether the complaint in this case states a cause of action on contract or in tort.

In due course appellant, defendant below, moved to strike certain portions of the complaint, and to require that respondent make same more definite and certain in several particulars. Appellant also asked the Court to construe the complaint as setting forth a cause of action *ex contractu* or, failing therein, to require respondent to elect whether he would proceed *ex contractu* or *ex delicto*. On the hearing of those motions, the Court apparently concluded that the allegations of the complaint were appropriate to either form of action and permitted the respondent to proceed on a cause of action *ex delicto*. The motions to strike and to make more definite and certain were granted in part. Thereafter, in compliance with the order of the Court, respondent served an amended complaint which, omitting formal parts, is as follows:

"1. That the Plaintiff is a resident and citizen of the County of Union, State of South Carolina, and is engaged in the business of the sale of gasoline and gasoline products at a service station known as J. T. Dixon Service Station located in the Town of Santuc, County and State aforesaid.

"2. That the defendant, The Texas Company, is a corporation *of great wealth,* organized and chartered under the laws of one of the States of the United States, and as such is authorized to engage in and is engaged in the business of refining, distributing and selling, at wholesale and retail, kerosene, gasoline, and other petroleum products and in connection with such business the said defendant maintains and operates a branch office and plant for the sale and distribution of its aforesaid products in the County of Union, State of South Carolina, with an agent of the defendant corporation in charge thereof.

"3. That on or about July, 1945, plaintiff and defendant entered into an agreement whereby plaintiff agreed to sell petroleum products of the defendant corporation, including gasoline, in the Town of Santuc, in the County of Union, State aforesaid, upon a commission or percentage basis, and in return defendant agreed to and did furnish certain gasoline storage tanks, the said defendant being the owner of said gasoline storage tanks, which were located and situated underneath the surface of the ground at the place of business and filling station of the plaintiff in the said Town of Santuc, in Union County, South Carolina; that immediately thereafter defendant began to deliver and supply gasoline to the plaintiff and to place said gasoline in its said storage tanks located at plaintiff's place of business and filling station in the said Town of Santuc, County of Union, State of South Carolina, and the said defendant corporation has been delivering and supplying gasoline to the said plaintiff as aforesaid up to the present time; that a short time after the defendant first began deliveries of its gasoline to the plaintiff as aforesaid, the said plaintiff J. T. Dixon, began to notice that he was suffering and sustaining a considerable

loss in quantity of the gasoline purchased; that this information was passed on to the defendant, the Texas Company, many times with the urgent request that this condition be investigated and remedied; that the defendant corporation *willfully* failed and refused to take any steps whatever to remedy this situation notwithstanding the fact that the plaintiff herein was sustaining a loss of gasoline aggregating approximately sixty (60) gallons a week. That the defendant corporation was notified of this loss time and time again, and finally consented on or about July, 1950, to go about remedying the situation. That on or about July, 1950, upon excavating around one of the said storage tanks the attention of the defendant corporation was again directed to the fact that this said old storage tank located at plaintiff's place of business as above-mentioned was totally defective and that there had been a tremendous loss of gasoline for many months as evidenced by the dampness and saturation of the earth with gasoline around this said tank and the pools of gasoline within the vicinity of same.

"4. That during the period July 1945 to July 1950, plaintiff sustained a loss of gasoline as aforesaid of approximately fifteen thousand six hundred (15,600) gallons, of the value of approximately Two Thousand Nine Hundred Ninety-nine and No/100 Dollars ($2,999.00).

"5. That as a direct and proximate result *of the negligence, gross negligence, willfulness and wantonness of the defendant corporation as hereinbefore alleged* the plaintiff herein has suffered and sustained a tremendous loss of gasoline which he purchased and paid for, and was damaged thereby in the amount and sum of Two Thousand Nine Hundred Ninety-nine and No/100 Dollars ($2,999.00)". (Italics ours.)

The prayer is for judgment in the sum of $2,999.00 and the costs of the action.

On this appeal, appellant contends that the Court erred (1) in not construing the complaint as stating solely a cause

of action *ex contractu,* and (2) in refusing to strike the words in the complaint which we have italicized.

It seems to be conceded that the italicized words should be stricken if the action, as appellant contends, is one solely *ex contractu,* but should not be stricken if, as respondent contends, the action is in tort.

"Although there is a broad distinction between causes of action arising *ex contractu* and those arising *ex delicto,* the dividing line between breaches of contract and torts often lies in a twilight zone, where it is difficult to determine whether the case applies strictly to the one or to the other. There is no certain test by which the Court can be guided in determining whether a particular action is *ex delicto* or *ex contractu." Shaw v. Great Atlantic & Pacific Tea Co.,* 189 S. C. 437, 1 S. E. (2d) 499, 500.

Under certain circumstances, a ground of liability in tort may coexist with a liability in contract, giving the injured party the right to elect which form of action he will pursue. Ordinarily, where there is no duty except such as the contract creates, the plaintiff's remedy is for breach of contract, but when the breach of duty alleged arises out of a liability independently of the personal obligation undertaken by contract, it is a tort. *Rosenthal & Doucette, Inc., v. United Last Co.,* D. C., 33 F. Supp. 213. "As a general rule, there must be some active negligence or misfeasance to support tort. There must be some breach of duty distinct from breach of contract." *Tuttle v. Gilbert Mfg. Co.,* 145 Mass. 169, 13 N. E. 465, 467. In 1 C. J. S., Actions, § 49(c), it is stated that "active negligence or misfeasance is necessary to support an action in tort based on a breach of contract; mere nonfeasance, even if it amounts to a willful neglect to perform the contract, is not sufficient." We have consistently held that "allegations of negligence cannot have the effect of changing the essential features of the transaction so as to convert a mere breach of contract into a tort", *Farmers' Union Mercantile Co. v. Anderson,* 108 S. C. 66, 93 S. E.

422, 424, and that "the nature of the action as *ex contractu* is not affected or changed by the fact that there are also allegations in regard to tortious conduct on the part of the defendant". *Shaw v. Great Atlantic & Pacific Tea Co., supra.*

■ Considering the complaint in the light of the foregoing principles, we think it clearly states an action *ex contractu.* The cause of action set out therein is based upon the failure of appellant to furnish respondent with tanks reasonably fit and suitable for the storage of gasoline and to repair or replace said tanks after their alleged defective condition was called to appellant's attention. The breach of duty complained of arises solely from contract and constitutes nonfeasance rather than misfeasance.

The following decisions tend to sustain the foregoing conclusion: *Timmons v. Williams Wood Products Corporation,* 164 S. C. 361, 162 S. E. 329; *Shaw v. Great Atlantic & Pacific Tea Co., supra; Hiers v. South Carolina Power Co.,* 198 S. C. 280, 17 S. E. (2d) 698; *Green v. Industrial Life & Health Ins. Co.,* 199 S. C. 262, 18 S. E. (2d) 873.

■ But even if the question be regarded as a doubtful one, the doubt must be resolved in favor of an action *ex contractu. V. P. Randolph & Co. v. Walker,* 78 S. C. 157, 59 S. E. 856; *Timmons v. Williams Wood Products Corporation, supra; Lawson v. Metropolitan Life Ins. Co.,* 169 S. C. 540, 169 S. E. 430; *Shaw v. Great Atlantic & Pacific Tea Co., supra.*

It follows that the words in the complaint which we have italicized are not appropriate to an action *ex contractu* and should have been stricken.

The order appealed from is reversed and the case is remanded for further proceedings in accordance with the views herein expressed.

BAKER, C. J., and FISHBURNE, STUKES and TAYLOR, JJ., concur.