Jestine FELDER and Herbert Felder,
Plaintiffs,

v.

GREAT AMERICAN INSURANCE COM-
PANY, Defendant.

Civ. A. No. CO–65–26.

United States District Court
D. South Carolina,
Columbia Division.

Nov. 16, 1966.

R. K. Wise and John Sloan, Columbia, S. C., for plaintiffs.

Edward M. Woodward, of Edens, Woodward & Butler, Columbia, S. C., for defendant.

HEMPHILL, District Judge.

Defendant moves for judgment on the pleadings of three causes of action as set forth in the complaint, and, in the event that the motion fail as to less than all causes of action, that the action be dismissed for lack of jurisdiction in that the required amount will not be involved in the controversy.

It is alleged that Jestine Felder gave a note and a mortgage on her home to Home Federal Savings and Loan in the amount of $1,500.00. Shortly after the loan Herbert and Jestine purchased a health and accident policy from the defendant insurance company through Home Federal as the soliciting agent. The policy was for the same amount as the mortgage loan and the monthly policy benefits were the same as, or closely approximated, the monthly mortgage installments of $26.83. In December of 1962, it is alleged, Herbert Felder became disabled. A claim blank was obtained from Home Federal and sent to the defendant each month for three months and the claims were paid each time. On the fourth month, when they requested a claim blank, they were told that the insurer was not going to pay any more; that it was useless to pick up claim blank and to submit it. This is an important allegation for it is labeled a fraudulent misrepresentation and is the basis for at least two of the causes of action. In connection with this point it is notable that the complaint alleges that submission of a claim blank was a "prerequisite" for payment. The policy is attached to the complaint and made a part of it: the clear language of the policy states that submission of a claim blank is not a condition precedent to claiming under the policy and alternate methods are simply and clearly set forth.

The complaint continues that Herbert Felder continued to be disabled and could not meet the mortgage installments, and that in March of 1964 foreclosure was threatened. In the imminence of a forced sale the Felders attempted to make the most of the situation and sold the house and lot at half its value. The reason for

taking this alternative is not apparent. Along with anxiety and anguish, damages are also demanded for damaged credit and reputation. On these allegations the complaint is intended to state three causes of action, each separate and independent in the alternative. The first is based on fraud and deceit for the allegedly fraudulent misrepresentation that they would not pay. The second is for breach of contract accompanied by a fraudulent act—failure to pay on time, being fully aware that time was critical along with the other representations, failure to file a claim, failure to give a claim blank. Thirdly, there is intended to be set forth a claim for negligence, gross, wilful, reckless and wanton, in that the entire course of conduct of the agent Home Federal was a breach of a duty proximately resulting in the loss of the plaintiffs' home. For each there is claimed actual and punitive damages.

The first cause of action is based on the allegedly fraudulent misrepresentation by Home Federal that it would be useless to submit a claim blank for the company was not paying any further payments. The company is said to have had knowledge that the statement was false; that the plaintiffs were ignorant of its falsity and had a right to rely on the statement. There is the further allegation that the submission of a claim blank was a prerequisite to a payment and that the agent Home Federal knew that failure to submit the blank would stop payment on the policy. This is essentially the basis for the claim for fraud and deceit.

■ On the motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on the grounds of Rule 12(b) (6), failure to state a claim upon which relief can be granted, the allegations of the complaint must be viewed in the light most favorable to the plaintiff, admitting and accepting as true all facts well pleaded. E. g. National Metropolitan Bank v. United States, 323 U.S. 454, 65 S.Ct. 354, 89 L.Ed. 383 (1945). "The accepted rule is that a complaint should not be dis-

missed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); 1A Barron & Holtzoff, Federal Practice & Procedure section 356 at 361 (Wright ed. 1960).

■ The South Carolina Supreme Court has many times accepted the analysis of an actionable fraud as consisting of nine elements: (1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) his intent that it should be acted upon by the person; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate injury. E. g., Jones v. Cooper, 234 S.C. 477, 109 S.E.2d 5 (1959); Mishoe v. General Motors Acceptance Corp., 234 S.C. 182, 107 S.E.2d 43 (1958); Tallevast v. Herzog, 225 S.C. 563, 83 S.E.2d 204 (1954); Weatherford v. Home Finance Co., 225 S.C. 313, 82 S.E.2d 196 (1954); Flowers v. Price, 190 S.C. 392, 3 S.E.2d 38 (1939). See Parks v. Morris Homes Corp., 245 S.C. 461, 141 S.E.2d 129 (1965); Gomillion v. Forsythe, 218 S.C. 211, 62 S.E.2d 297, 53 A.L.R.2d 169 (1950).

■ The failure to prove any one of these elements is fatal to recovery. Jones v. Cooper, 234 S.C. 477, 109 S.E.2d 5 (1959); Mishoe v. General Motors Acceptance Corp., 234 S.C. 182, 107 S.E.2d 43 (1958); Able v. Equitable Life Assur. Society of United States, 186 S.C. 381, 195 S.E. 652. (1938). The absence of any of these elements from the most favorable view of the plaintiff's case must likewise be a fatal defect. Ordinarily the mere failure of an insurer or contractor to pay sums of money under the contract does not support actions for fraud and deceit or breach of contract accompanied by a fraudulent act. E. g., Corley v. Coastal States Life Ins. Co., 244 S.C. 1, 135 S.E.2d 316 (1964); Blackmon v. United Ins. Co., 235 S.C. 335, 111 S.E.2d 552 (1959) (former appeal con-

struing complaint 233 S.C. 424, 105 S.E. 2d 521 (1958)); Williams v. Metropolitan Life Ins. Co., 173 S.C. 448, 176 S.E. 340 (1934). See also Patterson v. Capitol Life & Health Ins. Co., 228 S.C. 297, 89 S.E.2d 723 (1955); Yarborough v. Bankers Life & Cas. Co., 225 S.C. 236, 81 S.E.2d 359 (1954); Hall v. General Exchange Ins. Co., 169 S.C. 384, 169 S.E. 78 (1933). However the allegations here go further. The plaintiff's view of the case is that the insurer through its agent represented falsely that no more payments would be made. The statement was false, it is alleged, because payments were made in a lump sum some months later,[1] after the plaintiff had been damaged. If this representation was made with fraudulent intent and if the occurrence bore the other requisite elements then it would support an action in fraud. At least, in testing the sufficiency of the complaint there can be no speculation as to the difficulty of proving this fraudulent intent. E. g. Walker Distributing Co. v. Lucky Lager Brewing Co., 323 F. 2d 1 (9th Cir. 1963).

■ The action for breach of contract accompanied by a fraudulent act needs a close scrutiny to reconcile its apparent conflict with the first cause of action: the first cause of action charges that the statement that no payments would be made was false; the second cause of action is founded on failure to pay. A close reading of the complaint and brief indicates that the plaintiff bases this not on mere failure to pay, but, admitting that payment was eventually made, he charges that there was an actionable failure to pay *on time*. These allegations would if proved support a recovery for breach of contract. It is readily apparent that great emphasis has been directed by the plaintiff to see that a sufficient claim for an award of punitive damages remains in the case. For the reasons that were discussed before in regard to the first cause of action for fraud and deceit the court is of the opinion that the allegations of the second cause of action concerning events accompanying the alleged breach of contract would state a claim for breach of contract accompanied by a fraudulent act.

■ The third cause of action for negligence is untenable and is dismissed. Actionable negligence must be predicated on the breach of a legal duty.

Where the only relation between the parties is contractual, the liability of one to the other, in an action of tort for negligence, must arise out of some positive duty which the law imposes because of the relationship or because of the negligent manner in which some act which the contract provides for is done; and the mere breach of an executory contract, where there is no general duty cannot furnish the basis for such an action. 65 C.J.S. Negligence § 4(6) at p. 495 (1966) (footnotes omitted).

In the case of an alleged tort arising out of contract there must exist a duty arising out of the relation created by the contract which exists apart from the contract. This distinction was set out in Atlantic & Pacific R. R. v. Laird, 164 U.S. 393, 17 S.Ct. 120, 41 L.Ed. 485 (1896). The Court there quoted from Kelly v. Metropolitan Ry. Co., 1 Q.B. 944 (1895):

The distinction is this: If the cause of the complaint be for an act of omission or nonfeasance which, without proof of a contract to do what has been left undone, would not give rise to any cause of action (because no duty apart from the contract to do what is complained of exists) then the action is founded upon contract and not upon tort. If on the other hand the relationship of the plaintiff and the defendants be such that a duty arises from the relationship irrespective of contract, to take due care, and the defendants are negligent, then the action

---

1. That payments were later made in a lump sum is before the court only by way of brief and is not of record in the case. The complaint can be read to be consistent with this assertion.

is one of tort. 164 U.S. at 399, 17 S.Ct. at 122.

See Dixon v. Texas Co., 222 S.C. 385, 72 S.E.2d 897 (1952), where the South Carolina Supreme Court stated:

> Ordinarily, where there is no duty except such as the contract creates, the plaintiff's remedy is for breach of contract, but when the breach of duty alleged arises out of a liability independently of the personal obligation undertaken by the contract, it is a tort. 72 S.E.2d 899.

See also Meddin. v. Southern Ry.—Carolina Division, 218 S.Ct. 155, 62 S.E.2d 109 (1950). No duty co-existing and co-relative with the contract here is imposed on the insurer. No authority for the proposition has been called to the attention of the court that would support such a contention. In any case, doubt as to whether an action is in contract or tort is to be resolved in favor of contract, Dixon v. Texas Co., 222 S.C. 385, 72 S.E.2d 897 (1952); Lawson v. Metropolitan Life Ins. Co., 169 S.C. 540, 169 S.E. 430 (1933), and where a cause of action is obviously in contract, allegations of wilfulness will not change it into a tort, Dixon v. Texas Co., supra; See Farmers' Union Mercantile Co. v. Anderson, 108 S.C. 66, 93 S.E. 422 (1917). In view of these considerations it appears to the satisfaction of the court that no set of facts could be proven under these allegations which would support a cause of action for negligence. The action is ex contractu.

It is therefore ordered that the defendant's motion for judgment on the pleadings will be denied as to the first and the second numbered causes of action, and granted as to the third cause of action.

The alternative motion to dismiss based on an asserted lack of the jurisdictional amount is denied. This does not require a ruling on the measure of contract damages at this time because the complaint as it now stands does assert a claim which would if proven support an award of punitive damages: since it cannot be determined to a legal certainty that the jurisdictional amount could not be recovered the court retains jurisdiction. St. Paul Mercury Indemnity Co. v. Red Cab. Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Cf. Sadler v. Pennsylvania Refining Co., 31 F.Supp. 1 (D.S.C.1940).

And it is so ordered.