19323

Robert VANN, Appellant, v. NATIONWIDE INSURANCE COMPANY, Respondent

(185 S. E. (2d) 363)

218

*James M. Herring, Esq.,* of *Saleeby, Saleeby & Herring, P.A.,* Hartsville, *for Appellant,* cites:

*Melvin Hyman, Esq.,* of *Paulling & James,* Darlington, *for Respondent,* cites:

November 29, 1971.

Moss, Chief Justice:

Robert Vann, the appellant herein, brought this action against Nationwide Insurance Company, the respondent herein, to recover actual and punitive damages resulting from the alleged breach of an insurance contract accomplished with a fraudulent intention and accompanied by fraudulent acts.

The appeal here is from an order granting a motion of the respondent to strike all allegations of the complaint appropriate to the recovery of punitive damages, upon the ground that the facts stated do not warrant the recovery of such damages.

The appellant alleges in his complaint that the respondent issued to one James Edward Farmer an automobile liability insurance policy containing a medical payments clause and uninsured motorist coverage. The appellant alleges, while driving the insured motor vehicle, with the permission of the owner thereof, he was in a collision with another vehicle owned by one Mae Wallace and such automobile was uninsured. He further alleges that as a result of the injuries sustained in said collision he incurred medical expenses which he was entitled to collect under the said liability policy. He then alleges that the respondent has refused to pay the medical expenses "unless and until he also compromises his uninsured motorist claim against the said Mae Wallace, which is now pending under a separate provision of this insurance contract."

The appellant then alleges that the respondent breached its contract of liability insurance in refusing to pay his liquidated claim for medical expenses unless he agreed "to waive a substantial right not made a condition precedent to settlement of benefits under medical pay coverage, in that the

defendant represented to plaintiff that both claims must be considered together and thus attempted to minimize the benefits due plaintiff and that the defendant engaged in a fraudulent scheme or plan to cheat and defraud the plaintiff of his rights due under the various provisions of said policy."

The question for decision here is whether the trial judge erred in granting the motion of the respondent to strike the allegations of the complaint alleging fraud and seeking punitive damages.

We have held in numerous cases that in an action for breach of an insurance contract allegation and proof of fraudulent intent accompanied by a fraudulent act is necessary to support a verdict for punitive damages. *Blackmon v. United Insurance Company*, 235 S. C. 335, 111 S. E. (2d) 552 and *Corley v. Coastal States Ins. Co.*, 244 S. C. 1, 135 S. E. (2d) 316.

In *Hardee v. Penn. Mut. Life Ins. Co. of Phila.*, 215 S. C. 1, 53 S. E. (2d) 861, this court said:

"In the recently decided case of *Smyth v. Fleischmann*, 214 S. C. 263, 52 S. E. (2d) 199, 203, this Court had occasion to state that 'in a long line of cases beginning with *Welborn v. Dixon*, 70 S. C. 108, 49 S. E. 232, 3 Ann. Cas. 407 * * * it has been consistently held that where the complaint states a cause of action for breach of contract, allegations charging the defendant with a fraudulent intent or purpose in breaching the contract do not give rise to a right to recover punitive damages; that such damages are recoverable only where, in addition to or independently of the fraudulent intent that brought about the breach there was some fraudulent act on the part of the defendant *accompanying the breach.*' Even in the wilful and fraudulent breach of a contract only actual damages may be recovered, unless the fraudulent breach is accompanied by a fraudulent act."

We have also held that a mere violation of a contract will not support an allegation of fraud. *Calder v. Commercial Casualty Ins. Co.*, 182 S. C. 240, 188

S. E. 864. Punitive damages are not recoverable for the mere failure or refusal to pay a debt. *Patterson v. Capital Life & Health Ins. Co.,* 228 S. C. 297, 89 S. E. (2d) 723.

In his complaint the appellant alleges the issuance of an automobile liability insurance policy containing a provision for medical payment and uninsured motorist coverage. He alleges the occurrence of an event entitling him to medical payments under the policy and the refusal of the respondent to make this payment unless the appellant would settle his liability claim under the uninsured motorist coverage provision of the policy.

It is our view that the refusal of the respondent to make payment of the amount due the appellant under the medical provision of the liability insurance policy unless the appellant would settle his liability claim under the uninsured motorist coverage provision was not a fraudulent act. There was no change of position of the appellant because of any alleged fraudulent act on the part of the respondent. The respondent did nothing that would prevent the appellant from seeking to recover any actual damages which he may have by reason of the alleged breach of the contract or alleged failure to pay.

The appellant relies on the case of *Corley v. Coastal States Life Ins. Co.,* 244 S. C. 1, 135 S. E. (2d) 316, for the reversal of the order of the trial judge. In our opinion this case is not here controlling. In *Corley* the company notified the plaintiff that a certain sum was payable under the policy on the life of her deceased husband. The amount stated was less than that actually due. Inquiry was made through the Insurance Commissioner to ascertain the amount payable under the policy. The insurance company informed the Commissioner that a sum considerably in excess of that previously stated was to be paid under the policy. Relying on this statement the plaintiff forwarded to the insurance company her copy of the insurance policy. Thereafter, the insurance company sent to the plaintiff a check in a lesser amount than that stated to be due in its letter to the Insur-

ance Commissioner. It thus appears that there was a misstatement of fact and the surrender of the policy based thereon. We held that the conduct of the insurance company in attempting to settle the claim for a sum substantially less than the amount quoted by it to the Insurance Commissioner as owing under the policy was evidence from which fraud could be legally inferred and was sufficient to require the trial judge to submit the issue of fraud to the jury. We concluded that under all of the circumstances there was an inference of a breach of the contract accompanied by a fraudulent act.

It is our opinion that the trial judge was correct in granting the motion to strike because the complaint is devoid of any allegation of fact which shows a fraudulent act on the part of the respondent accompanying the alleged breach of the contract of insurance. *Blackmon v. Ind. Life & Accident Ins. Co.*, 229 S. C. 54, 91 S. E. (2d) 709 and the cases therein cited.

The judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.