21834

Major A. KELLY, Appellant, v. NATIONWIDE MUTUAL INSURANCE COMPANY, Edward Jack Smith and Edward L. Jennings, Respondents.

(298 S. E. (2d) 454)

*J. Alex Stanton, IV*, of *Shand & Stanton, Hartsville*, and *J. Rutlege Young, Jr.*, of *Young, Clement, Rivers & Tisdale*, Charleston, *for appellant.*

*Albert L. James, Jr.*, and *Albert L. James, III, Pauling & James*, Darlington, *for respondents.*

Dec. 21, 1982.

NESS, Justice:

This is an action for breach of an insurance contract and breach of contract accompanied by a fraudulent act brought by the policyholder, appellant Kelly, against the insurer, respondent Nationwide Mutual Insurance Company. Appellant contends trial court erred in granting Nationwide's motion for judgemnt N.O.V. on the claim for breach of contract accompanied by a fraudulent act. We disagree and affirm.

Appellant purchased an automobile and insured it under his existing Nationwide policy. Nationwide issued appellant a

written binder covering the additional car. Approximately six months later this car was destroyed by fire and Nationwide denied coverage, contending the policy had been cancelled three months earlier for nonpayment of premiums. Appellant maintained Nationwide failed to give notice of the cancellation and that Nationwide's misrepresentations concerning coverage showed an intent to defraud appellant.

The jury returned a verdict for appellant on both causes of action. The trial judge granted Nationwide's motion for judgement N.O.V. on the claim for breach of contract accompanied by a fraudulent act, and Kelly appeals.

We see no evidence in this record from which fraudulent intent can reasonably be inferred. Nationwide simply denied coverage believing the policy had been cancelled. To refute appellant's contention the cancellation notice had not been mailed, Nationwide produced a signed certificate of mailing from the post office. While the jury necessarily found in the breach of contract action that the notice had not been mailed, there is no evidence Nationwide acted fraudulently or even unreasonably in relying on the certificate.

In *Corley v. Coastal States Life Ins. Co.*, 244 S. C. 1, 135 S. E. (2d) 316 (1964), we held that a misrepresentation made in reckless disregard for the truth will support an action for breach of contract accompanied by a fraudulent act. However, in *Vann v. Nationwide Ins. Co.*, 257 S. C. 217, 185 S. E. (2d) 363 (1971), we explicitly recognized that reliance on the misrepresentation must also be proved. Here, appellant conceded at trial he had not relied on the alleged misrepresentations concerning coverage. There is no evidence Nationwide gained anything by virtue of the misrepresentations, nor that appellant's claim for actual damages was prejudiced. See *Blackmon v. Independent Life & Accident Ins. Co., et al.*, 229 S. C. 54, 91 S. E. (2d) 709 (1956). The trial court properly granted Nationwide's motion for judgment N.O.V. as to punitive damages.

In view of our decision, we need not address appellant's remaining exceptions.

Affirmed.

LEWIS, C.J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.