## 1003

James CALDWELL and Eva Caldwell, Respondents v. JIM WALTER HOMES, INC., d/b/a Mid-State Homes, Inc., Appellant.

(359 S. E. (2d) 518)

Court of Appeals

*Ray L. Derrick,* and *Stephanie S. Miller,* Columbia, *for appellant.*

*Martin S. Driggers,* Hartsville, *for respondents.*

Heard May 27, 1987.

Decided July 27, 1987.

LITTLEJOHN, Judge:

Respondents (the Caldwells) brought this action in tort against appellant Jim Walter Homes, Inc. (JWH). The jury returned a verdict of $10,057 actual damages and $20,000 punitive damages. We affirm.

## FACTS

The Caldwells purchased a lot and home in Kershaw County from JWH under an installment sales contract in 1973. Under the contract terms, the Caldwells were to pay $48.50 per month to JWH for 12 years, after which JWH was to convey title to the property. The Caldwells agreed to pay all taxes on the property.

Title to the property remained in JWH. Accordingly, local tax notices were not sent to the Caldwells, but to JWH's head office in Florida. The Caldwells moved into the house and received periodic statements from JWH of amounts due. None of these statements indicated the Caldwells owed property taxes.

JWH paid the property taxes in seven out of eight years of the term of the installment sales contract. However, it made a determination in 1982 not to pay any more of the Caldwells' taxes because their account was delinquent.

The Kershaw County Tax Collector's Office sent seven letters and/or tax notices to JWH, one of which was by certified mail, alerting the owner that taxes were due. The Caldwells were never informed of these communications.

In 1982 the Caldwells' home was sold to a third party pursuant to the execution of a lien for nonpayment of taxes. The Caldwells did not learn of this sale until 1984, after the statutory period of redemption had expired. They were required to vacate the home.[1]

## ISSUES

I. Did JWH breach a duty to the Caldwells, thus supporting a tort action in negligence?

II. Were damages for mental suffering properly allowed to remain an issue?

III. Were punitive damages recoverable?

## I. NEGLIGENCE

JWH contends the Caldwells did not show the breach of any duty owed to them so as to support a cause of action in negligence. It argues that because the Caldwells expressly

---

[1] In open court in oral argument, it was stated, and not denied, that JWH successfully brought an action to set aside the Tax Collector's deed and went back into possession of the property.

agreed in the contract to pay property taxes, any duty could have arisen only out of contract.

"Ordinarily, where there is no duty except such as the contract creates, the plaintiff's remedy is for breach of contract, but when the breach of duty arises out of liability independently of the personal obligation undertaken by contract, it is a tort." *Dixon v. Texas Co.*, 222 S. C. 385, 389, 72 S. E. (2d) 897, 899 (1952).

Here, JWH kept title to the property in its own name, as consequence of which it, and not the Caldwells, received tax notices. Indeed, JWH maintained an office for the purpose of processing tax obligations owed on its nationwide property holdings. JWH paid the taxes in seven out of eight years. By executive decision, JWH ceased paying taxes only after the Caldwells' monthly payments were in arrears. By course of dealing, JWH undertook the duty to inform the Caldwells their property was in danger of being sold when Kershaw County officials notified it of this fact. We find a cause of action in negligence was maintainable.

## II. MENTAL SUFFERING

JWH contends the circuit court erred on two grounds in permitting damages for mental suffering to remain an issue in this case.

At the pleadings stage, Special Circuit Judge Lewis heard a motion to strike allegations of damages for mental distress in the Caldwells' original complaint. These were alleged as part of a cause of action for intentional infliction of emotional distress. The court reasoned that the "necessary facts to support a cause of action for intentional infliction of emotional distress appear no where in the complaint," and ordered the allegations of mental distress stricken on this basis.

Thereafter, the Caldwells moved before Circuit Judge Anderson to amend their complaint to include allegations of mental distress as part of their cause of action in negligence. The court granted the motion. JWH contends this was error on the ground Judge Lewis' earlier order has *res judicata* effect as to the issue of damages for mental distress in this case. We disagree.

The issue before Judge Lewis was whether the Caldwells' allegation of a cause of action for intentional infliction of emotional distress was defective. By contrast, the matter before Judge Anderson was whether allegations of mental distress could be included in a cause of action in negligence. The two orders, therefore, are not inconsistent and Judge Lewis' order has no *res judicata* effect.

Second, JWH contends that the circuit court erred in "allowing the issue of mental suffering and anguish to go to the jury and by charging the jury thereon." The exceptions of JWH, on which this contention is premised, assert error by the circuit court based on a lack of sufficient evidence to support a recovery for "emotional suffering." We do not reach these exceptions because of the "two-issue rule."

The Caldwells' amended complaint, in a cause of action in negligence, seeks damages for the loss of the property and for mental suffering. According to evidence presented by the Caldwells at trial, their property had a value of $11,100.

The verdict returned by the jury for actual damages in the amount of $10,057 was a general verdict. "Where a jury returns a general verdict involving two or more issues and its verdict is supported as to at least one issue, the verdict will not be reversed." *Campbell v. Paschal*, 290 S. C. 1, 9, 347 S. E. (2d) 892, 897 (Ct. App. 1986).

Since there was evidence supporting the verdict as to the issue of the damages suffered by the Caldwells as a result of having lost the property, it is unnecessary for us to consider the exceptions of JWH regarding the issue of mental suffering.

### III. PUNITIVE DAMAGES

JWH contends the circuit court erred in submitting the issue of punitive damages to the jury. It argues the evidence raises no inference of recklessness or willfulness.

Punitive damages are recoverable "for such an exhibition of recklessness or negligence as evidences malice or the *conscious disregard* of the rights of others." *Lengel v. Tom Jenkins Realty, Inc.*, 286 S. C. 515, 519-20, 334 S. E. (2d) 834, 837 (Ct. App. 1985).

We find no error in the submission of the issue of

■ punitive damages to the jury. It may be inferred from the evidence that JWH made a conscious determination to cease paying the Caldwells' taxes and not to inform them their property was in danger of being sold so as to cause them to lose their property. If not more, this evidence gives rise to an inference JWH was reckless in its dealings with the Caldwells.

Affirmed.

SANDERS, C. J., and GOOLSBY, J., concur.