Ngoc Huynh DUC, Plaintiff,

v.

ORKIN EXTERMINATING COMPANY,
INC., Defendant.

Civ. A. No. 3:89–399–16.

United States District Court,
D. South Carolina,
Columbia Division.

Jan. 17, 1990.

Michael J. Thompson, Columbia, S.C., for plaintiff.

Carlton B. Bagby, Columbia, S.C., for defendant.

## ORDER

HENDERSON, District Judge.

This matter is before the Court on motion of defendant Orkin Exterminating Company, Inc. ("Orkin") for summary judgment. For the reasons set forth below, the motion is granted.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." As the United States Supreme Court has recently declared: "[T]he plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails ... to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In addition, Rule 56(e) provides that a party opposing a properly supported motion for summary judgment may not rest on the mere allegations of his pleadings but must set forth or point to specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Here, the Court holds that the plaintiff has not set forth specific facts establishing, and cannot establish, at least one essential element of each of his causes of action against the defendant and therefore no genuine issue of material fact remains for trial.

### I.

The moving party has the burden of showing the absence of a genuine issue of material fact and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). The facts and the inferences therefrom viewed in the light most favorable to the plaintiff are as follows.

Plaintiff Ngoc Huynh Duc ("Duc") purchased a house at 817 Paramount Drive in Columbia, South Carolina, in 1986. Orkin had contracted with Duc's predecessor in title in 1972 to treat the house for subterranean termites, to reinspect and, at no extra cost, to apply any necessary additional treatments for termites as long as the customer paid the annual renewal fee. Duc renewed the contract when he purchased the property in 1986. He paid the annual fee for the year beginning November 1986 and for the year beginning November 1987. According to Duc, Orkin did not perform an annual reinspection from June 1986 until June 1988.

On June 16, 1988, Duc signed a contract to sell the property. He contracted with Orkin for a Wood Infestation Report ("Report") in accordance with South Carolina's Standards for Prevention or Control of Wood-destroying Organisms. S.C.Code Ann. (1976), Vol. 23A. (Clemson University Regulations, No. 27–1085 K). On June 29 and 30, 1988, Orkin inspected the house and reported that the house was free of subterranean termites but that there was excessive moisture under the house and water damage to the subflooring in the bathroom area.[1] Duc demanded that Orkin pay to repair the water-damaged floor. Orkin refused on the ground that the parties' contract covered damage caused by subterranean termites, not water damage. Duc alleges he was without the resources to repair the floor and, because the floor was not repaired, he was unable to sell the house. Duc continues to live in the house; the water-damaged structure has not yet been repaired.

---

1. The Report required to be issued by a licensed pest control agency in connection with a sale or mortgage of real property must report *inter alia* "[e]xcessive moisture conditions." *Id.* The regulation further provides that the Report "does not place the responsibility of correction of reported damage upon the person issuing the report unless separate contracts to this effect are in force." *Id.*

## II.

While Duc concedes that his contract with Orkin did not cover water damage, he nonetheless contends Orkin had a contractual duty to inspect his house annually and to report to him any evidence of water damage discovered during the inspections. He claims Orkin did not make annual inspections as required by the contract or, if it did, it failed to notice or report to Duc any evidence of water damage. Had Orkin timely reported to Duc the existence of a plumbing leak, Duc claims, he could have prevented or reduced the water damage that subsequently occurred. Duc has brought causes of action alleging negligence, breach of contract and fraud. He seeks as damages the cost to repair the water damage.

 Orkin contends first that Duc cannot recover on his negligence cause of action because Orkin owes Duc no legal duties independent of the contract. The Court agrees. South Carolina courts have recognized the distinction between contract and tort causes of action and have held that in order for a plaintiff to state a claim in tort, he must allege a duty owed him by the defendant separate and distinct from any duty owed under a contract:

> Ordinarily, where there is no duty except such as the contract creates, the plaintiff's remedy is for breach of contract, but when the breach of duty alleged arises out of a liability independently of the personal obligation undertaken by the contract, it is a tort.... As a general rule, there must be some active negligence or misfeasance to support tort. There must be some breach of duty distinct from breach of contract.

*Dixon v. Texas Co.,* 222 S.C. 385, 72 S.E.2d 897, 899 (1952) (citations omitted); *see also Investors Premium Corp. v. Burroughs Corp.,* 389 F.Supp. 39 (D.S.C.1974); *Felder v. Great Am. Ins. Co.,* 260 F.Supp. 575 (D.S.C.1966). Here, the duties and liabilities of the parties were created and defined by the contract and the guarantee. Duc has alleged no breach of duty by Orkin that

is independent of the contract and guarantee. Accordingly, the Court grants Orkin's motion for summary judgment on the negligence cause of action.

 Orkin next contends it is entitled to summary judgment on Duc's breach of contract claim. Again the Court agrees. The contract and guarantee both limit Orkin's liability by providing that Orkin is obligated to make repairs only to remedy new damage caused by subterranean termites. Duc's claim, by his own description, is based on water damage, not termite damage. Duc concedes that the contract between the parties covers only termite damage, but he claims that Orkin failed to perform annual inspections as required under the contract and, had it performed such inspections, Orkin would have detected plumbing leaks and advised Duc before the problem got worse.[2] He contends Orkin had a duty to report evidence of water leakage or water damage because both the contract and the guarantee, in paragraph (3) three of each document, provide:

> Structural or mechanical defects which result in water leakage in interior areas or through the roof or exterior walls of the premises may destroy the effectiveness of ORKIN'S treatment, thereby permitting infestation to continue after the date of initial treatment. If such a condition is discovered, it is agreed that the customer will be responsible for making such repairs as are necessary to correct the structural or mechanical defect and ORKIN will, upon completion of said repairs, provide additional treatment deemed necessary by the Company to control the infestation in the area.

This portion of the guarantee, however, does not establish a duty on Orkin's part to report water leaks; the provision instead makes it the customer's responsibility to make any necessary repairs to prevent water leakage. The contract and guarantee require Orkin to inspect for and control termites and to repair termite damage.[3] The Court finds no provision in the contract or in the guarantee that establishes a duty on Orkin's part to inspect for or to report

---

2. Orkin contends that it performed an annual reinspection in March 1988.

3. The "Retail Installment Contract," on page two, and the "Guarantee," on page two, both provide that Orkin will "make such repairs to

evidence of water leakage or water damage.[4]

 Duc contends the duty to report evidence of moisture problems is implied by law. Under South Carolina law, there exists in every contract an implied covenant of good faith and fair dealing and an obligation to perform work in a workmanlike manner. *Tharpe v. G.E. Moore Co.*, 254 S.C. 196, 174 S.E.2d 397 (1970); *Commercial Credit Corp. v. Nelson Motors, Inc.*, 247 S.C. 360, 147 S.E.2d 481 (1966). Duc claims this obligation imposes a duty on Orkin to inspect for moisture problems or to report such problems discovered during a termite inspection. If Orkin had in fact discovered but failed to report such conditions the plaintiff might conceivably be able to assert such a claim, but Duc has neither alleged nor produced any evidence that Orkin actually knew of any leaks or water damage prior to its inspection in June 1988. Accordingly, the Court concludes Orkin is entitled to judgment as a matter of law on the plaintiff's breach of contract claim.

 Orkin next contends that it is entitled to summary judgment on Duc's fraud claim. The Court agrees. Duc alleges Orkin fraudulently represented that it was complying with the terms of the contract, but that it never intended to comply with the contract and yet took Duc's annual fee. In South Carolina, a mere violation of a contract does not support a fraud claim. *Vann v. Nationwide Ins. Co.*, 257 S.C. 217, 185 S.E.2d 363 (1971). Accordingly, Orkin is entitled to judgment as a matter of law on the plaintiff's fraud claim.

In sum, the Court concludes there are no genuine issues of material fact and that Orkin is entitled to judgment as a matter of law. Accordingly, Orkin's motion for summary judgment is granted.

There is also pending the defendant's motion for sanctions under Rule 37(a)(4), Fed.R.Civ.P., against the plaintiff for failure to comply with discovery. By orders dated October 10, 1989, and October 25, 1989, the Court directed that the defendant recover costs, including a reasonable attorney's fee, against the plaintiff personally. The Court has reviewed the defendant's affidavit, to which the plaintiff has made no objection, and concludes that the amount requested herein is reasonable. Therefore, an attorney's fee in the amount of Nine Hundred Fifty ($950.00) Dollars is hereby awarded against the plaintiff personally.

IT IS SO ORDERED.

---

the structure and contents to remedy any new damage caused by subterranean termites ..."

**4.** The Court disagrees with Duc's interpretation of the contract, but even if he were correct that Orkin had a duty to report any water damage discovered during a termite inspection, and even if an earlier inspection would have disclosed water damage, Orkin would still not be required to pay the repair cost. The contract and the guarantee explicitly limit Orkin's liability to making "such repairs to the structure and contents to remedy any new damage *caused by subterranean termites*" (emphasis added). Orkin cannot be held liable for repairs to remedy water damage.